The judgment is affirmed.

## Rich *versus* Keyser.

1. If a tenant have bound himself to quit the demised premises at a definite and fixed period, the landlord may without notice to him set him out of possession, if it can be done without breach of the peace, or he may bring ejectment and sue on his covenant for damages.

2. The Act of March 21st 1772, does not require three months' notice before the end of the lease, but three months' notice "before the *application* to the justices."

3. The Act of December 14th 1863, requires the notice to be given "three months before the *expiration of the term.*"

4. The words of a statute when unambiguous are the true guide to the legislative will. That they differ from the words of a prior statute on the same subject is an intimation that they are to have a different construction.

5. The Act of 1863 is an additional remedy for landlords and has not repealed the Act of 1772.

6. Where the lease is from year to year or for any indefinite period, notice is necessary to terminate the demise; but where, as in all cases of definite and prefixed period, the lessee knows his tenure as well as his landlord, no notice is necessary to determine the relation.

[Rich v. Keyser.]

7. To obtain the statutory remedy performance of the statutory condition, three months' notice, is necessary; the necessity must be regulated by the very terms of the statute.

January 14th 1867. Before WOODWARD, C. J., THOMPSON and AGNEW, JJ. STRONG, J., at Nisi Prius. READ, J., sick.

Error to the Court of Common Pleas of *Philadelphia*.

This was a proceeding under the Act of December 4th 1863, commenced, June 7th 1866, by Sylvester Keyser against J. T. Rich, before William S. Toland, an alderman of Philadelphia, to recover possession of certain premises which had been leased by the plaintiff to the defendant. The alderman found, amongst other things, that the plaintiff, on the 6th of March 1865, leased the premises in question for the term of twelve months to the defendant, who entered into possession, and that the plaintiff, on the 8th of March 1866, gave him notice to remove from them and deliver possession in three months from the date of the notice; that the defendant refused so to remove, &c. The alderman thereupon gave judgment against the defendant that he forthwith give up possession, &c. The proceedings were removed to the Court of Common Pleas by certiorari, when the following exception was taken to them:—

"The record shows that the proceedings had were under the Act of December 14th 1863, and that the only notice given by complainant to defendant to quit was after the expiration of said term, said lease bearing date March 6th 1865."

The court (Ludlow and Pierce, JJ.) dismissed the exception, and confirmed the proceedings; which was assigned for error in the Supreme Court.

*A. Briggs*, for plaintiff in error.—The proceedings under the Act of 1863 being summary, every requisite must be complied with: Fahnestock *v*. Faustenhauer, 5 S. & R. 174. The Act of March 21st 1772, § 12, Purd. 613, pl. 18, 1 Sm. Laws 373, was satisfied by notice three months before *application* to the justices: Logan *v*. Herron, 8 S. & R. 459. The Act of December 14th 1863, Pamph. L. 1864, p. 1125, omits the words "before the application," &c., and provides that upon three months' notice the landlord shall have judgment of possession at the end of the term. It is clear, therefore, that the notice must be given three months *before the end of the term*.

*J. C. Nippes*, for defendant in error.—Notice before the expiration of the term is unnecessary: Logan *v*. Herron, 8 S. & R. 459; Lesley *v*. Randolph, 4 Rawle 126; Bedford *v*. McIlheron, 2 S. & R. 50; Evans *v*. Hastings, 9 Barr 273; Co. Lit. 57 b; Jackson *ex dem.* Anderson *v*. McLeod, 12 Johns. 182; Boggs *v*. Black, 1 Binn. 335; Overdeer *v*. Lewis, 1 W. & S. 90.

[Rich *v.* Keyser.]

The Act of December 14th 1863 was intended to facilitate the recovery of demised premises by landlords, and not to alter the settled law and practice in regard to notice after the determination of the term.

The opinion of the court was delivered, February 4th 1867, by
WOODWARD, C. J.—A lease for years is a lease for a period that is definite and prefixed, and if the tenant have bound himself to quit and surrender up the possession of the demised premises at that definite and fixed period, the landlord may, without notice to him, set him out of possession, if it can be done without breach of the peace, or he may bring ejectment if the tenant will not go out, and he may sue him upon his covenant for damages.    These were the common-law remedies of the landlord ; but being found dilatory and inconvenient, the legislature, by the Act of 21st March 1772, provided a more summary way, by which, on complaint to two justices of the peace, a jury of twelve freeholders were summoned, and a landlord and tenant's court was thus constituted.    After due notice to the tenant, the landlord submitted his evidence to this court, and if they found that having been possessed of the premises he had leased them to the tenant for a specific term and for a certain rent ; that the term was ended ; that three months' notice to quit had been given ; and that the tenant had neglected and refused to do so, a record of these findings was made, the landlord's damages were assessed, and a writ of possession was issued to the sheriff to deliver possession to the landlord.    But the act did not require the three months' notice to be given *before the end of the lease.* The language was that if " demand had been made of the lessee to leave the premises *three months before the application* to the said justices."    In Logan *v.* Herron, 8 S. & R. 460, it was held, after great consideration, that under a lease that was to expire on the 1st April 1816, a notice given on the 14th April 1817 was sufficient, and three months thereafter a freeholders' court was convened whose proceedings were sustained.

On the 14th December 1863, the legislature passed an act which dispenses with two magistrates and the jury of freeholders, and commits the question of the landlord's right to possession to a single justice or alderman.

But the provision about notice is not the same as in the Act of 1772.   " Where any person or persons in this state having leased or demised any lands or tenements to any person or persons for a term of one or more years, or at will, shall be desirous upon the determination of said lease to have again and repossess such demised premises, *having given three months' notice of such intention to his lessee or tenant,* and said lessee shall refuse to leave," &c., complaint is to be made to a justice of the peace,

[Rich *v.* Keyser.]

and on the hearing before him it is to be proved that the term is fully ended, " *and that three months' previous notice had been given.*"

The phraseology of this section in both places where the notice is mentioned, does certainly imply that the notice is to be given three months before the expiration of the term. The expiration of the term is the period which the legislative language assumes, and " *having given* three months' notice," means that at *that period* having given it. And " *three months' previous notice,*" means previous to that period—the end of the term. The reference in both instances is to the *end of the term,* and in neither instance to the hearing before the justice. The grammatical construction of the sentence, as well as the scope and tenor of the enactment, demands a three months' notice previous to the expiration of the term.

Herein the Act of 1863 plainly differs from that of 1772. Was the discrepancy accidental or intentional? The legislature of 1863 must be presumed to have known what the language of the Act of 1772 was, and what judicial construction had been placed upon it. Then, knowing this, and yet not following it, but substituting for it different language, did they not mean that we should construe their language according to its ordinary import? I see no other ground for judicial construction to rest upon. Indeed, the words of a statute, when unambiguous, are the true guide to the legislative will. That they differ from the words of a prior statute on the same subject, is an intimation that they are to have a *different* and not the *same* construction, for it is as legitimate a use of the legislative power to alter prior statutes as to displace the common law.

The Act of 1863, however, is not so much an instance of alteration of or substitution for a prior statute as it is an additional remedy for landlords. No doubt is entertained that the landlord might have proceeded under the Act of 1772, to eject his tenant, having given three months' notice before institution of the proceedings, for we do not understand the old act to be repealed, but only supplemented by the Act of 1863. The proceedings, however, were not under the Act of 1772, but under the later law, and that, we hold, requires three months' notice before the term ends.

Some reasons, such as Judge Duncan stated in his dissenting opinion in Logan *v.* Herron, very likely occurred to the legislative mind, for changing the rule as to the notice to tenants, and whatever we may think of the reasons, it is enough for us that they induced a change in the legislative language that requires a change of judicial construction. The matter of notice, as we before intimated, is necessary only to entitle the landlord to the *statutory* remedy. Where the lease is from year to year, or for

any indefinite period, notice is necessary to terminate the demise, but where, as in this instance, and in all cases of leases for a definite and prefixed period, the lessee knows his tenure as well as the landlord, no notice whatever is necessary to determine the relation of landlord and tenant; but, to obtain the statutory remedy, performance of the statutory conditions is necessary, and hence the three months' notice. And as it is a necessity that grows out of the statute it must be regulated by the very terms of the statute. We have seen what they are in the Act of 1863, and as the proceedings in this case were under that act it was necessary for the lessor to prove the notice to have been given three months before the end of the term.

The record shows that the notice was dated the very day the term ended, and therefore the case was not brought within the remedy of the Act of 1863.

The other question upon the record becomes unimportant in the view we have taken of the point of notice and therefore we pass it without discussion.

> The judgment of the Common Pleas and the proceedings of the alderman are reversed at the costs of the plaintiff below.