## DeHaven *v.* Roscon B. & L. Assn., Appellant.

Argued October 28, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Harry C. Liebman,* and with him *William Kendall,* for appellant.

*David Friedman,* for appellee.

OPINION BY KELLER, J., January 25, 1933:

This was an action by a mortgagee of real estate in the City of Philadelphia, (3519 Hamilton Street), against the real owner of the premises during the years 1928 and 1929, to recover the amount of taxes due the City of Philadelphia on said real estate for those years which had been paid by her. The court below entered judgment for want of a sufficient affidavit of defense. The judgment is too clearly right to need an extended opinion.

Defendant was admittedly the real owner of the land; Diamond, in whose name the record title stood, was only a straw man acting for it. The deed from Diamond to plaintiff's husband was made with the knowledge and by the direction of the defendant. There was no merger of the interest of the mortgagee in the title of her husband. The intention of the parties on this matter was clearly expressed in writing. The agreement required the vendee to pay the taxes for 1930 and 1931. It left the defendant's liability for the 1928 and 1929 taxes undisturbed. A mortgagee who pays taxes, which by law are given priority over his mortgage, is not a mere volunteer: Hogg v. Longstreth, 97 Pa. 255, for, as was said by Mr. Justice TRUNKEY in that case, (p. 259), "When the mortgagor is in possession, and neglects to pay taxes which are a lien on the land, the mortgagee may pay them not only in reliance on the personal liability of the owner, but in reliance that the land is liable, and the lien will be transferred by the State to him in favor of the mortgage-debt." See also Caldwell v. Moore, 11 Pa. 58.

All the other questions raised by the appellant are decided adversely to him by the opinion of the Supreme Court in Penna. Co. Trustee v. Bergson, 307 Pa. 44, 159 Atl. 32, and on the authority of that case the judgment is affirmed.