## Braun, Sheriff, to use of Louik, *v.* DeRosa
### (Pittsburgh School District, Appel.)

Argued  May  5,  1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*N. R. Criss,* for appellant.

*David M. Harrison,* for appellee.

OPINION BY KELLER, P. J., September 29, 1937:

This appeal deals with the construction of the Act of July 22, 1936, P. L. 67, entitled, in part, An Act abating, under certain circumstances, tax penalties and interest on certain city taxes in cities of the first class and school districts of the first class.

The statute is too long to be quoted in full, but its provisions, so far as relevant and material to this case, may be summarized as follows:

Section 1 provides that all penalties and interest imposed on delinquent taxes[1] in cities of the first class and

---

[1] "A tax shall be deemed to become delinquent on the date of its registry as a delinquent tax or on the fifteenth day of January of the year, following the current year for which the tax in question was levied." Sec. 4, p. 68. See *Penna. Co. v. Zussman,* 122 Pa. Superior Ct. 325, 327, 329, 186 A. 378.

school districts of the first class, for the tax year 1934 and all previous years, assessed and levied against real estate, are thereby abated, without the necessity of further action by the authority levying the tax, if said delinquent taxes are paid as thereinafter provided. In order to receive the benefits of the Act, the taxes for the year 1935 and all penalties and accrued interest thereon, and one-third of the delinquent taxes due for the tax year 1934 and for all previous years, shall be paid on or before November 1, 1936; one-third on or before November 1, 1937; and one-third on or before November 1, 1938. And provided, that the respective current taxes on such real estate shall be paid before they become delinquent. If these conditions are not met the abated penalties and interest are revived pro tanto.

By Section 2 it is provided that any taxpayer may anticipate the payment of delinquent taxes as aforesaid, at any time on or before November 1, 1936,—or the balance of the instalments due thereafter, if he is not then in default—, by paying the entire amount or balance of such delinquent taxes, and receive the benefit of the Act. If paid in full on or before November 1, 1936, payment of the current taxes for 1936 shall not be required at the time of payment.

Section 3 provides that the Act shall apply to all such taxes whether liens have been returned or filed or proceedings have been instituted for their collection, or where the real estate has been sold to a county, city or other taxing authority *at a tax sale* [that is, a treasurer's sale for taxes] or [at a sheriff's sale] *on a tax lien* and the equity of redemption has not expired; but shall not apply where the property has been sold *at a tax sale or on a tax lien* to a purchaser other than a county, city or taxing district.

Section 4 provides: "The benefits of this act shall extend to and accrue to any successful bidder or purchaser at sheriff's or other judicial sale, grantee, trans-

feree, mortgagee, or other party in interest in the parcel or parcels of real estate against which the above mentioned taxes have been assessed and levied."

By Section 8 it is provided that in order to enable the taxpayer to receive the full benefits of the Act, *no real property shall be sold for non-payment of taxes before November 1, 1936,* and any *tax sale* shall be adjourned as often as necessary for this purpose.

Section 10 provides that the prior Act of May 16, 1935, P. L. 166, abating tax penalties, etc., as amended by the Act of June 21, 1935, P. L. 410, shall continue in force and effect only as to such taxpayers as "have heretofore taken advantage of that act by paying the first installment within the installment period provided in section one, paragraph (a) thereof" and kept up the payments provided for in said act; "All other acts and parts of acts general, local, and special, inconsistent herewith, be, and the same are, hereby suspended during the time this act shall be in effect."

The material facts in the case are not disputed. The use-plaintiff, Louik, held a judgment for $719.86, entered in Allegheny County, against the defendant, De-Rosa. He caused a writ of fieri facias to be issued on this judgment on October 7, 1936, upon which the sheriff levied on certain real estate of the defendant in the City of Pittsburgh. The Treasurer of the School District of Pittsburgh notified the Sheriff that the school taxes, including penalties and interest, due on the real estate so levied upon, amounted to $299.73, of which the interest and penalties for the year 1934 and prior years amounted to $55.80. The real estate was sold by the sheriff on November 2, 1936, to Louik, the use-plaintiff, for $1,441.64, a sum sufficient to pay the costs on the writ and the exact amount of all taxes, including penalties and interest, as reported to the sheriff by the various tax collectors. The purchaser paid his bid to the sheriff the same day, November 2, 1936. On De-

cember 18, 1936, the sheriff filed his return of sale, and attached thereto a schedule of distribution of the proceeds of sale and list of tax liens attached, showing a proposed distribution to the School District of Pittsburgh of $299.73, including penalties and interest on school taxes for 1934 and previous years of $55.80. No exceptions were filed to the sheriff's sale and the same was confirmed; nor were any exceptions filed within ten days to the sheriff's schedule of distribution, as required by the rules of court of Allegheny County adopted pursuant to the Act of June 12, 1931, P. L. 542, amending the Acts of April 10, 1862, P. L. 364, and June 4, 1901, P. L. 357; but on January 4, 1937, the use-plaintiff and purchaser, by leave of court, was permitted to file exceptions *nunc pro tunc* to the sheriff's schedule reporting distribution of $55.80 to the School District of Pittsburgh for penalties and interest on school taxes for the year 1934 and prior years. The School District appeared and moved to dismiss the exceptions. After argument the exception was sustained and the sheriff was directed to pay to the exceptant and successful bidder out of the proceeds of sale the sum of $55.80 representing the amount of the penalties and interest which had accrued on the school taxes for the year 1934 and prior years.

The School District appealed.

There is only one city of the first class—Philadelphia; but there are two school districts of the first class—Philadelphia and Pittsburgh. There is little doubt that in enacting the Act of July 22, 1936, P. L. 67, the General Assembly had in mind the City of Philadelphia. The title relating to 'city taxes' in cities of the first class is applicable only to Philadelphia, and the definition of 'delinquent taxes' in section 4 is in accord with the use of that term in Philadelphia, (See *Penna. Co. v. Zussman,* 122 Pa. Superior Ct. 325, 327-329, 186 A. 378), differing from that employed with respect to all other

cities and governmental subdivisions in the Act of June 4, 1936, P. L. 10.[2] But the body of the Act as drawn applies to school taxes in the School District of Pittsburgh, which is a school district of the first class. We have, however, a right to consider the principal subject in the mind of the legislature in the enactment of the statute when passing upon its interpretation.

The Act of May 16, 1923, P. L. 207, 53 PS sec. 2022, which is a general act, in force throughout the Commonwealth, "providing when, how, upon what property, and to what extent, liens shall be allowed for taxes ......; for the procedure upon claims filed therefor; the methods for preserving such liens and enforcing payment of such claims; *the effect of judicial sales of the properties liened; the distribution of the proceeds of such sales,*" etc. [italics supplied] enacts in Section 2 as follows:

"All taxes which may hereafter be lawfully imposed or assessed on any property in this Commonwealth, ...... in the manner and to the extent hereinafter set forth, shall be and they are hereby declared to be a first lien on said property, *together with all charges, expenses, and fees added thereto for failure to pay promptly; and such liens shall have priority to and be fully paid and satisfied out of the proceeds of any judicial sale of said property,* before any other obligation, judgment, claim, lien, or estate with which the said property may become charged or for which it may become liable, save and except only the costs of the sale and of the writ upon which it is made." [Italics supplied.]

This definitely declared that taxes, including all charges, expenses, and fees added thereto for failure to pay promptly—which embraces interest and penalties added for delay in payment—are a first lien on real

---

[2] "For the purposes of this act, a tax shall be deemed to become delinquent on the date when a penalty attaches to the tax." Sec. 4.

estate and are to be fully paid and satisfied out of the proceeds of any judicial sale of the property before any other obligation, judgment, claim, lien, etc. See *Appeal of City of Titusville,* 108 Pa. 600, 603; *Hamilton v. Lawrence,* 109 Pa. Superior Ct. 344, 348, 167 A. 509; *Penna. Co., etc., v. Barker,* 124 Pa. Superior Ct. 557, 559, 560, 190 A. 193.

We find nothing in the Act of July 22, 1936, supra, or any other act, for that matter, that either expressly or impliedly repeals or suspends this provision. Neither in the title of the Act of July 22, 1936, nor in its body, is there contained anything calculated to put the public or taxing authorities on notice that the distribution of the proceeds of sheriff's sales as established by the Act of May 16, 1923, supra, was affected by it. The subject of the distribution of the proceeds of sheriff's sales in the hands of the sheriff, is not mentioned, or even suggested, in either the title or the body of the Act of July 22, 1936. There is no such irreconcilable repugnancy between the two acts as to require us to hold that the later impliedly repeals or suspends the earlier: *Ferguson's Est.,* 325 Pa. 34, 189 A. 289; *Carpenter v. Hutchison,* 243 Pa. 260, 266, 90 A. 154; *Com. v. Lomas,* 302 Pa. 97, 104, 153 A. 124; *Com. v. Crowl,* 245 Pa. 554, 559, 91 A. 922; *Com. v. Curry,* 285 Pa. 289, 294, 132 A. 370.

We start out with the well established principle that exemptions from taxation must be strictly construed: *Sellers' Est.,* 325 Pa. 377, 380, 191 A. 170; *Tack's Est.,* 325 Pa. 545, 553, 191 A. 155. And this applies to exemptions from interest and penalties added to taxes for delay in payment: *Penna. Co. v. Zussman,* 122 Pa. Superior Ct. 325, 331, 186 A. 378; *Philadelphia's Appeal,* 117 Pa. Superior Ct. 132, 138, 177 A. 700. He who claims such an exemption, relief or abatement from their payment, when lawfully imposed, must point to clear and unmistakable warrant to support his claim.

The primary purpose in view in the enactment of

the Act of July 22, 1936, supra, and similar statutes providing for the abatement of penalties and interest added to taxes, was to encourage the prompt payment not only of back taxes but also of current taxes, to the end that the taxing authorities might be in possession of funds needed to carry on the operations of government. The advantage or benefit to the taxpayer was only incidental to the main object in view. The constitutionality of these abatement statutes has not been raised and is not before us, but, in order to be constitutional, they must rest on the benefit accruing to the county, city, or other governmental subdivision from their enactment.

The Act of 1936, supra, is dealing with payments of taxes directly *to the city or school district,* which, in return for the prompt payment of current taxes and the sure payment of delinquent taxes, even if in installments, is directed, for the general good, to waive or abate penalties, etc. which had accrued on the delinquent taxes. But there is no benefit or advantage to the taxing district unless the money is paid to and received by it. As we said in *Philadelphia's Appeal,* supra, p. 139, "Certainly, in practical effect, mere payment into court is not the equivalent of payment to the city. The city cannot pay its bills and running expenses with money lying dormant in the prothonotary's office or in the court depositary."

Payment to the sheriff by a successful bidder or purchaser at sheriff's sale of the amount of his bid is not a payment of taxes to the city or school district, within the contemplation of the Act of 1936, even though, ultimately, the taxes will be paid to it by the sheriff on distribution of the proceeds of sale, by order of court, either pursuant to general rule adopted under the Act of June 12, 1931, supra, or by special order following exceptions to the sheriff's reported schedule of distribution. The sheriff is not the agent of the school dis-

trict for the collection of its taxes, in the sense that payment to him by a purchaser of his bid will secure to the latter an abatement of interest and penalties due on delinquent taxes. The sheriff is an officer of the court, charged with the duty of executing the process of the court and making sale of a defendant's property in accordance with the writ of the court, and distributing the proceeds as ordered by the court. He is no more the agent of the city or school district than he is of the execution creditor, or any judgment creditor of the debtor whose lien is discharged by the sale. If the net proceeds of the sheriff's sale, over and above costs, are sufficient to pay the taxes, they are discharged by the sale, and the fund in the sheriff's hands takes their place; but until they are distributed to and received by the school district they have not been paid to it. The lien of the taxes on the land is discharged by the sale, but until actually received by the school district the money cannot be applied to governmental uses. Take this very case, for example. The sale was held on Monday, November 2, 1936, and the same day the successful bidder at the sale paid the sheriff the amount of his bid; but by no legal possibility could the taxes be paid to the school district for some time thereafter, that is, until the sale was returned by the sheriff and confirmed and his schedule of distribution approved by the court. Although the bid was paid to the sheriff on November 2, 1936, not one cent of it has been paid to and received by the school district or made available for governmental use to this day. It was probably because of a knowledge of circumstances like these that the legislature did not see fit to provide in the Act of 1936, supra, that if taxes were discharged by a judicial sale on or before November 1, 1936 the interest and penalties due on delinquent taxes should be abated to the benefit of either the purchaser, or the lien creditors.

It would have been easy so to provide, but it was not done.

But it is asserted that if this interpretation is given the act, the provision of section 4 extending its benefits to any successful bidder or purchaser at sheriff's or other judicial sale is meaningless. Not at all. If the property is sold at sheriff's or other judicial sale for a sum insufficient to pay the taxes they are not discharged and remain a lien on the land in the hands of the successful bidder or purchaser. To encourage the latter to pay the taxes thus remaining a lien on his land and to ensure prompt payment of current taxes the Act provides that he, too, may secure the benefits of its provisions, abating the penalties and interest on delinquent taxes for 1934 and previous years, by paying the current taxes and one-third of the principal of the delinquent taxes before November 1, 1936, and repeating the process the two following years; or he may pay all the delinquent taxes before November 1, 1936, without interest or penalties on those for 1934 and prior years, in which event he is not required to pay the current taxes before November 1, 1936. The men who drafted this Act were well aware that it is the common practice in Philadelphia County, where execution is issued on a first mortgage, or the bond accompanying it, the amount of which approximates or exceeds the value of the land, for the execution creditor to buy in the real estate on a nominal bid, sufficient to pay the costs only, leaving the taxes undischarged and a lien on the land in the hands of the purchaser, and he can secure the benefits of the Act of 1936 *by paying the taxes to the city and school district before* November 1, 1936 as provided in the Act. But if there are competing bidders and the property is bid up to an amount sufficient to pay the taxes or a sum in excess thereof, the successful bidder or purchaser cannot then take advantage of the Act of 1936 for the taxes are discharged by the sale and the

proceeds are distributable according to law. In such event, strictly speaking, the successful bidder or purchaser has paid no taxes to the city or school district. He has paid only his bid—what he agreed to pay for the property.[3] That the law allocates part of his bid to taxes as first liens and distributes it to the city and school district under order of the court, does not constitute a payment by him of *taxes,* as such, to the city or school district. If his bid is sufficient to pay the taxes and the recorded liens and leave a surplus for the execution debtor, or any or all of these—he pays his bid, just what he agreed to pay, and there is no reason why any part of it should be refunded to him. If he bid $5,000, there is no reason why he should pay only $4,950; or if he bid $1,441.64, there is no reason why he should pay only $1,385.84. Certainly the Act of 1936 does not so provide, and as we have before pointed out, it must be construed strictly.

It so happens that in Allegheny County a different practice is in force from that described above as common in Philadelphia County. There,—in Allegheny County—where execution is issued on a first mortgage, or the bond accompanying it, the amount of which approximates or exceeds the value of the land, it is the practice for the execution creditor to bid, at the start, a sum sufficient to pay the costs and the taxes in full, including penalties and interest on delinquent taxes, whether filed as liens or only returned by the various collectors. The bid being sufficient to pay the taxes, they are discharged and the purchaser takes the land

---

[3] See *Planters Nut & Chocolate Co. v. Brown-Murray Co.,* 128 Pa. Superior Ct. 239, 193 A. 381, "The purchaser does not pay the tax. He pays or may pay the seller more for the goods because of the seller's obligation, but that is all ...... The price is the total sum paid for the goods. The amount added because of the tax is paid to get the goods and for nothing else. Therefore it is part of the price." HOLMES, J. in *Lash's Products Co. v. United States,* 278 U. S. 175.

free of taxes; but as before pointed out he has paid only his bid; he has paid no taxes, as such, to the city or school district; the fact that the law will distribute part of the proceeds of sale to taxes does not constitute a payment of taxes by him to the city or school district.

One thing must not be overlooked, and that is that under the express provisions of section 4 of the Act of July 22, 1936, the holder of a first mortgage—and it was stated on the argument that the use-plaintiff was a first mortgage creditor—could have secured to himself the benefits of the abatement provided for by the Act by paying the taxes before the sheriff's sale, in which event his bid would not have to include taxes. A mortgagee who pays taxes is not a mere volunteer: *DeHaven v. Roscon B. & L. Assn.*, 107 Pa. Superior Ct. 459, 164 A. 69. "When the mortgagor is in possession, and neglects to pay taxes which are a lien on the land, the mortgagee may pay them not only in reliance on the personal liability of the owner, but in reliance that the land is liable, and the lien will be deemed as transferred by the State to him in favor of the mortgage-debt"; *Hogg v. Longstreth*, 97 Pa. 255, 259.

The assignment of error is sustained. The order of the court sustaining the exception filed by the use-plaintiff—the appellee—to the schedule of distribution reported by the sheriff, awarding to the school district, $55.80, penalties and interest, is reversed, and the record is remitted with direction to dismiss said exception in accordance with the motion of the school district, and to order distribution of the proceeds of sale in accordance with the sheriff's schedule of distribution.

Costs of appeal to be paid by appellee.