## Fidelity Title & Trust Co., to use, v. Griffiths

*Joseph Schutzman* and *Leonard H. Marks*, for petitioning mortgagees.

*Harry C. Beschel*, for City of Pittsburgh.

*Harry V. Bair*, for County of Allegheny.

KENNEDY, J., July 21, 1939.—The use-plaintiffs above are the assignees of a certain mortgage given by defendant, William D. Griffiths. The mortgage was assigned to them by the original mortgagee, namely, the Fidelity Title & Trust Company, the real debt being in the sum, now, of $28,559.38, which includes overdue interest and taxes paid by the assignees of the mortgagee. These use-plaintiffs have been in possession of the property mortgaged for some considerable time.

At the above d. s. b. number and term, judgment was entered on the bond which accompanied the mortgage and then a writ of fi. fa. was also issued at the above execution number and term. Before the entry of a judgment on the bond and of course before the issuance of a writ of execution, the assignees of the mortgage availed themselves of the Act of October 25, 1938, P. L. 84, and the Act of October 25, 1938, P. L. 88, commonly referred to as the tax abatement laws, and paid current taxes and the pro

rata of the delinquent taxes, in accordance with the provisions of these acts. The Delinquent Tax Collector for the City of Pittsburgh and the school district of said city, and also the Delinquent Tax Collector for Allegheny County accepted this money and, according to the records, all of this is admitted.

After the writ of fi. fa. was issued, the taxing authorities were requested to certify to the sheriff that the present holders of said mortgage had availed themselves of the provisions of the abatement acts, above referred to, and said taxing authorities have refused so to certify to the sheriff but have, on the contrary, notified plaintiffs in the writ that they are certifying to the sheriff to collect all the delinquent taxes liened against the property being foreclosed and subjected to sale, irrespective of the action by the holders of the mortgage, in paying under the provisions of this act. The writ of fi. fa. has been kept alive by various orders of this court, pending the disposition of the petition of plaintiffs in the writ for their rule to show cause, granted against the taxing authorities, why the sheriff should only be directed to collect any taxes that would be due or owing under the provisions of the abatement act and the action of petitioners in availing themselves of said act.

Answers have been filed to these petitions, admitting all the averments of fact and only raising the question of law as to whether or not the taxing authorities must give to petitioners—plaintiffs in the writ of execution—the benefits of the abatement act when the property under mortgage was about to be sold by the sheriff.

It is admitted that the taxes owing to the City of Pittsburgh and the Pittsburgh School District would have been delinquent from 1932 to 1938, except for the fact that the use-plaintiffs have paid the 1938 taxes and the pro rata of the other delinquent taxes, under the provisions of the act. Plaintiffs, further, have paid into court the quarterly amount of taxes that would have been owing to the city and school district in April of this year, and in the sum of

$423.21, because the delinquent tax collector refused to accept this money since there was outstanding an execution writ.

All the money for taxes on the property to be foreclosed and sold that would be required under the abatement act has been paid to the county treasurer, in his capacity as delinquent tax collector, and this also is admitted in the answers filed.

Section 4 of the Abatement Acts of 1938, supra, reads as follows:

"The benefits of this act shall extend to and accrue to any successful bidder or purchaser at sheriff's or other judicial sale, grantee, transferee, mortgagee, or owner having the right of redemption under a tax sale, or other party in interest in the parcel or parcels of real estate against which the above mentioned taxes have been assessed and levied, whether separated or not."

Respondents in the petition, namely, the delinquent tax collectors for the city, school district and county, urge that the case of Braun, Sheriff, etc., v. DeRosa, 128 Pa. Superior Ct. 318 (1937), controls this proceeding and that when an execution writ has issued, all the taxes liened against the property to be sold become currently due and payable and the sheriff should collect all these taxes and see that the bidding at the sale is at least sufficient to take care of all the taxes and the costs of the sale proceeding. They further urge that the Act of May 16, 1923, P. L. 207, directs an exclusive system whereby at any sheriff's sale all taxes shall be fully paid out of the proceeds of any judicial sale.

It is our opinion that the DeRosa case, supra, is the exact converse of the question now before us. In that case it was decided by the Superior Court only that the benefits of the abatement acts could not be taken advantage of after the property was sold by the sheriff. The opinion definitely indicates and, in effect, outlines the procedure that a mortgagee, judgment creditor, or any other party who wishes to take advantage of the abatement act should

pursue, namely, that they should pay the taxes under the act before the property is sold and that, if they do not so do, it is neither the legislative intent nor the right of a successful bidder at the sale to avail himself of the abatement act at that time. In this instant case plaintiffs in the writ took advantage of the abatement acts before the issuance of the writ.

To agree with the argument of respondent delinquent tax collectors would, in effect, deny to mortgagees or other parties who had a right to avail themselves of the act to issue a writ of execution until all delinquent taxes would have been paid in full. This, in our opinion and as we construe the decision in the DeRosa case, is exactly what the legislature did not intend.

Our attention is called to the sheriff's rule in this county, which reads as follows:

"Tax collectors, attorneys and solicitors who file tax statements, liened taxes and municipal liens against property being sold at sheriff's sale:

"Hereafter no statements can be withdrawn or adjustments made after the property has been bid in at a certain price. Therefore, statements must be correct at the time of filing.

"There will be no exceptions to this rule."

It will be observed that amendments can be made by the taxing authorities in their certificates to the sheriff any time until "after the property has been bid in at a certain price". Petitioners took the proper proceeding in having this matter adjusted before the property has been exposed to public sale. The delinquent tax authorities have ample time to amend their certificates to the sheriff. Prospective bidders will then have full opportunity to definitely ascertain in the sheriff's office the exact amount of taxes against the property to be sold and the circumstances under which they may elect to compete in the bidding.

Section 4 of the abatement act definitely mentions "successful bidder or purchaser at sheriff's or other judicial

sale, grantee, transferee, mortgagee, or owner having the right of redemption under a tax sale, or other party in interest in the parcel or parcels of real estate" are to have the benefits of the act.

The Act of 1923, supra, is undoubtedly suspended in its provisions by the various abatements acts passed by the General Assembly from 1931 to the present time.

The reasoning in the case of Sloterbeck v. Lanahan et al., 85 Pitts. L. J. 645, which was a decision of this court, speaking through McNaugher, J., undoubtedly fits the facts admitted in the proceeding now before us.

A record should be made in the sheriff's sales docket and also in his return as to the exact tax situation as affecting the property to be sold under the above-referred-to execution writ. Petitioners, in our opinion, have fully preserved their rights under the abatement act and therefore the following order will be entered.

### Order

And now, July 21, 1939, plaintiffs' rules on James P. Kirk, Delinquent Tax Collector for the City of Pittsburgh and the School District of the City of Pittsburgh and upon William M. Turner, Treasurer of Allegheny County, and Harry I. Lutz, delinquent tax collector thereof, to show cause why said plaintiffs should not be allowed the benefits of the abatement act of the General Assembly passed October 25, 1938, be and the same are hereby made absolute.

It is further ordered that the said James P. Kirk and William M. Turner, delinquent tax collectors as aforesaid, shall certify to the Sheriff of Allegheny County the amount of taxes that have been assessed and not yet paid against the property to be sold under the writ of fi. fa. at no. 137, April term, 1937, and shall state in said certificate that plaintiffs in the writ of execution have availed themselves of the abatement act and that the sheriff is only directed to collect the amount of taxes that would be due and owing from plaintiffs to the respective

delinquent tax collectors, as if a writ of execution had not issued, thereby showing in the records of the sheriff and his return to this court the exact tax situation against said property under the provisions of the abatement act which have been invoked by plaintiffs.