## Keystone State Building and Loan Association, Appellant, *v.* Sabo et al.

600

Argued May 7, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*George F. Taylor,* with him *Alter, Wright & Barron,* for appellant.

*N. R. Criss,* with him *William Alvah Stewart, Anne*

*X. Alpern, Harry C. Beschel, Walter Smart* and *Harry V. Bair,* for appellees.

OPINION BY KELLER, P. J., July 19, 1940:

The learned court below correctly ruled that the present case is governed by the principles set forth in our decisions in *Braun, Sheriff, to use of Louik, v. De Rosa,* 128 Pa. Superior Ct. 318, 194 A. 514, and *Penna. Trust Co., to use, etc. v. Earnest,* 128 Pa. Superior Ct. 331,[1] 194 A. 520; that the tax abatement Act of October 25, 1938, P. L. 88, is not available to a bidder or purchaser at sheriff's sale, who has bid at said sale a sum sufficient to pay the taxes in full, without abatement. In that event, as it is the duty of the bidder to pay his bid to the sheriff, and the taxes are divested as of the *date* of the sheriff's sale, upon a sum sufficient to pay them being paid to the sheriff in fulfillment of the bid, the payment by the bidder relates back to the date of sale, and is appropriated to the amount *then* due and owing.

Our cases above cited support the following propositions:

1. Following a sheriff's sale of real estate, tax claims against the real estate are to be paid out of the *fund* realized from the sale, and their status is fixed as of the date of the sale.

2. If an amount is bid at a sheriff's sale sufficient to pay the taxes in full, including interest and penalties, the right of the taxing authority to payment of the tax in full attaches as of the date of the sheriff's sale, and cannot be affected by a subsequent tender by the bidder of less than that amount.

3. A mortgagee can take advantage of tax abatement statutes by paying the taxes before the sheriff's sale and having the taxes so paid included in his judgment. He

---

[1] Appeal refused by Supreme Court, 128 Pa. Superior Ct. XXVII.

is in no sense a volunteer. See *Dehaven v. Roscon B. & L. Assn.*, 107 Pa. Superior Ct. 459, 164 A. 69; *Hogg v. Longstreet*, 97 Pa. 255, 259. By this very Act of 1938, supra, (section 4) the benefits of its tax abatement provisions are extended and secured to a mortgagee; but this means a mortgagee who has an existing mortgage on the real estate, not a person whose lien has been discharged by a sheriff's sale and whose claim is transferred to the fund in the sheriff's hands.

4. Exemptions and abatements from taxes, including interest and penalties, are strictly construed.

The following legal propositions are also applicable:

5. The liens against real estate sold at sheriff's sale are divested—upon the sale being completed—as of the date of the sale; and liens against the purchaser attach as of that date: *Hoyt v. Koons*, 19 Pa. 277; *Holmes' Appeal*, 108 Pa. 23.

6. The date of the sheriff's sale is the date upon which the property is knocked down to a bidding purchaser, who completes his bid; not the date when the sheriff's deed is acknowledged. *St. Charles B. & L. Assn. v. Hamilton*, 319 Pa. 220, 222, 223, 179 A. 604.

The assignment of error is overruled and the order of the court below is affirmed.