Fidelity Trust Company, Appellant, *v.* Kirk et al.

Argued March 23, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*H. F. Stambaugh,* with him *J. Randall Thomas,* for appellant.

*Hugh C. Boyle, Anne X. Alpern* and *N. R. Criss,* with them *William Alvah Stewart,* for appellees.

OPINION BY MR. JUSTICE STERN, April 20, 1942:

The question is whether a taxpayer who began paying instalments of delinquent taxes under the tax abatement Act of June 19, 1939, P. L. 405, and is not in default in any payment required by that act, may avail himself, in paying the balance of such taxes, of the more liberal terms provided by the tax abatement Act of May 1, 1941, P. L. 34.

Appellant, Fidelity Trust Company, is the owner of an apartment building in the City of Pittsburgh. The taxes assessed against this property by the City and the School District for the years 1933 to 1938, both inclusive, became delinquent. Taking advantage of the Act of June 19, 1939, P. L. 405, appellant, prior to May 1, 1941, paid 40% of the delinquent taxes and interest for each of the years in default and also the current city and school taxes for the years 1939 and 1940 in full, so that, when the Act of May 1, 1941, P. L. 34, became effective, appellant was not in default in any payment required by the act of 1939. The act of 1941 granted more favorable terms than the act of 1939 for the payment of delinquent taxes, not only by extending the time in which the instalments might be paid, but also by abating interest for the year 1939 and all previous years whereas the act of 1939 permitted the taxpayer to abate interest only for the year 1934 and previous years. Appellant, having paid in full the current city and school taxes for the year 1941, now desires to make all remaining payments of the delinquent taxes under the act of 1941 instead of, as previously, under the act of 1939. The court below, acting in mandamus proceedings, refused appellant this privilege.

There is no doubt as to the right of a taxpayer to take advantage of the provisions of the act of 1941 if he had been making instalment payments under the act of 1939 or any previous act but was in default in such payments. This is because section 9 of the 1941 act expressly provides that "Any taxpayer who has made any payment or payments on delinquent taxes under the provisions of any of the acts referred to in section eight above [which acts include the Act of June 19, 1939, P. L. 405], *but who has defaulted in any payment required by such act,* may secure the benefits of this act by making payments on the balance due on all taxes covered by the provisions of this act, whether or not covered by the abatement act under which he was previously making payments." There is no provision, however, in the 1941 act extending its privileges to a taxpayer *not* in default under the previous acts. Not only, therefore, would the rule of *expressio unius est exclusio alterius* seem clearly applicable, but section 8 of the act expressly provides that the several acts therein enumerated, including the act of 1939, "shall continue in full force and effect as to any and all taxpayers who have taken advantage of and are *not* in default in the provisions thereof." There is thus plainly disclosed, in sections 8 and 9, the intention of the legislature that those *not* in default under the previous tax abatement acts are to continue thereunder, whereas those who *are* in default are to be accorded the further extensions provided in the 1941 act.

There is another compelling reason which fortifies this conclusion. The acts of 1939 and 1941 are only two of a series of tax abatement statutes beginning with the year 1932, and in order properly to interpret section 9 of the 1941 act it must be compared with the phraseology of the corresponding sections in previous statutes. These employed language quite different from the act of 1941 whenever the intention was to allow taxpayers to take advantage of their provisions whether or not in default under previous acts. Thus section 7 of the Act of May

26, 1937, P. L. 893, provides that "Any taxpayer who, on the effective date of this act, is making payments on delinquent taxes under the provisions of the act of July 22, 1936 (P. L. 67), may secure the benefits of this act by making payments on the balance due on such delinquent taxes at the times and in the fractional parts prescribed herein." There is a similar provision in section 7 of the Act of October 25, 1938, P. L. 88. So, also, section 9 of the Act of June 19, 1939, P. L. 405, provides that "Any taxpayer who, on the effective date of this act, is making payments on delinquent taxes under any of the acts referred to in section eight, and any taxpayer who has made any payment or payments under any of the said acts, but who defaulted in any payment required by such act, may secure the benefits of this act by making payments on the balance due on all taxes covered by this act, whether or not covered by the abatement act under which he was previously making payments." It appears, therefore, that when the legislature desired that a tax abatement act should include all taxpayers making payments on delinquent taxes, whether or not in default under previous acts, it said so in unambiguous language. As these acts of 1937, 1938 and 1939 provided that all delinquent taxpayers, whether or not in default under prior acts, were entitled to the benefits they conferred, and as the act of 1941 says merely that those *in default* may take advantage of its privileges, it must be assumed that the adoption by the legislature of this limitation was deliberate. Where words of a later statute differ from those of a previous one on the same subject they presumably are intended to have a different construction: *Rich v. Keyser,* 54 Pa. 86, 89; *Brown v. German-American Title & Trust Co.,* 174 Pa. 443, 460, 34 A. 335, 342; *State Highway Route No. 72,* 265 Pa. 369, 373, 374, 108 A. 820, 821. As Mr. Justice BREWER said in *Hudson v. Parker,* 156 U. S. 277, 291, "The logic of all differences in substantial provisions between earlier and later statutes is indicative of difference rather than identity of purpose."

It is suggested by appellant that the object of the provision of section 8 of the act of 1941 continuing the 1939 act in full force and effect was to retain the right of those not in default under the 1939 act to make payments under that act, but not to deny them the privileges of the act of 1941. The absurdity of such a proposition is manifest. Would any taxpayer, if given the choice, continue under the 1939 act when the 1941 act not only gave him a longer time in which to pay his delinquent taxes but relieved him of considerable interest charges not abated under the former act?

Tax abatement acts are, like tax exemptions, to be strictly construed, and the taxpayer who seeks an abatement "must point to clear and unmistakable warrant to support his claim": *Braun, Sheriff, v. DeRosa,* 128 Pa. Superior Ct. 318, 325, 194 A. 514, 518; *Keystone State Building & Loan Association v. Sabo,* 140 Pa. Superior Ct. 599, 602, 14 A. 2d 831, 832. There is nothing arbitrary in allowing abatements to taxpayers in default although those who have already made their payments, including interest and penalties when required, receive no rebates or other privileges. The object of extending leniency to those who have fallen by the wayside in meeting their tax obligations is not so much to benefit the delinquents as the more effectively to collect the taxes. Every wise business concern will grant an extension to a debtor if it appears that this is more likely to produce an ultimately favorable result than insistence upon the original terms of the contract or the provisions of the law. A debtor who pays his obligations when due is not in need of such concessions.

The act of 1941 as here construed is not, as appellant urges, unconstitutional. There can be no successful challenge of the constitutionality of tax abatement acts in general; indeed, for appellant to contend otherwise, would be to stultify its own right to make payments, as it has been doing, under the act of 1939. Discrimination between taxpayers in default and those not in default

under that act or other tax *abatement* acts is not different in principle from discrimination between those in default and those not in default under the statutes which originally *imposed* the taxes. Surely it is unnecessary to cite oft-reiterated authorities in support of the principle that a classification of subjects embraced in taxation legislation is constitutional if based upon a reasonable and not an arbitrary distinction. A classification is reasonable which, in furtherance of the collection of taxes, recognizes the wisdom of not insisting as rigorously upon prompt payment by hapless taxpayers as by those not requiring indulgence.

Order for judgment in favor of defendants affirmed; costs to be paid by appellant.