Maone *v.* General Steel Castings Corporation et al., Appellants.

Argued November 16, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, HIRT, KENWORTHEY and RENO, JJ. (RHODES, J., absent).

*Frederick L. Fuges,* with him *Ralph N. Kellam* and *Frank A. Moorshead,* for appellants.

*Joseph W. deFuria,* for appellee.

OPINION BY HIRT, J., March 3, 1944:

Claimant's husband became totally disabled from silicosis on May 13, 1938. The period of exposure to the hazard of his employment qualified him for compensation under the Occupational Disease Supplement of July 2, 1937, P. L. 2714, 77 PS 1101, et seq. Accordingly, for 178 weeks he received compensation under an award for total disability amounting in all to $3,204. After his death on August 13, 1941, claimant filed the present claim for herself as widow and on behalf of decedent's dependent son. Her claim is governed by the 1937 act, in force on the date when the disability occurred (*McIntyre v. Lavino & Co. et al.,* 344 Pa. 163, 25 A. 2d 163; *Polk v. Western Bedding Co. et al.,* 145 Pa. Superior Ct. 142, 20 A. 2d 845) and §5(b) of that act, 77 PS 1105, provides: "...... Compensation shall be payable, as otherwise provided in this act [i. e. in accordance with the schedules of the Workmen's Compensation Law of 1915 as amended] for total disability *or* death caused primarily ...... by silicosis ...... The total liability of the employer unto the employee *or* his dependents under this section shall not exceed the sum of ...... ($3600)." (Italics added).

This appeal raises the single question whether, under §5(b), the dependents of an employee, whose death resulted from silicosis, are entitled to compensation to a total of $3,600 regardless of the amount of compensation received by the employee in his lifetime for total disability from that cause.

The referee in the present proceeding found that claimant's husband died from silicosis contracted in his former employment. The award provided payments on behalf of the minor son until sixteen years old and to the widow for the period of 500 weeks, limited only by the provision that total payments to both should not exceed $3,600. The board modified the award by the addition of the following: "Defendant and the Commonwealth of Pennsylvania to take credit for all compensation paid to claimant's decedent during his lifetime." This modification, in effect, reduced the total compensation payable to decedent's dependents to $396. The lower court on appeal however construed §5(b) as creating a right to compensation on behalf of the employee's dependents, separate and distinct from the claim of the employee in his lifetime subject only to the limitation that liability to the dependents shall not exceed $3,600. Accordingly the court reversed the board and reinstated the award of the referee, but because of the remarriage of claimant after the order of the board, remitted the record for modification on that ground alone.

The language of §5(b) of itself may raise some doubt as to its meaning. *Or,* in approved usage, is a co-ordinating particle marking an alternative, and an alternative implies a choice of either, but not both. *Or,* however, in equally common usage, is disjunctive, co-ordinating two or more clauses to convey the meaning of "succession by turns." Webster's New International Dictionary. Cf. Century Dictionary. The particle *or* appears twice in §5(b) and in both instances, in our opinion, was employed in this latter sense. Silicosis is a lingering malady and death does not follow immediately although the disease has progressed to a disabling stage. And when the legislature provided compensation "for total disability *or* death" it contemplated payments to the employee in his lifetime and, in turn,

compensation to his dependents after his death. The claims thus created, are distinct, one following the other. The same construction applies to the sentence which follows, in which it is provided: "the total liability of the employer unto the employee *or* his dependents ...... shall not exceed the sum of ...... $3600." This is a limitation on each of the claims, in turn, but not upon a combination of both. It implies payments not exceeding $3,600 to the employee and, in addition, compensation to the limit of $3,600 to his dependents.[1] *Or* in the second sentence of the disputed section is not the equivalent of *and* as appellants contend. This construction seems logical also, in the light of the occasion for the law, the circumstances under which it was enacted and the object to be attained.[2] Statutory Construction Act of May 28, 1937, P. L. 1019, §51, 46 PS 551.

The Act of July 2, 1937 was the first venture of the legislature in the field of workmen's compensation for occupational disease. It is significant that this legislation was enacted as a supplement to the Workmen's Compensation Act of 1915. About one month before the passage of the act in question the legislature had amended the 1915 act by striking out the provision of §306(f) which reduced the period of compensation payments to dependents of a deceased employee by the period during which compensation was paid to him in

---

[1] Like language has been similarly construed. The Longshoremen's and Harbor Workers' Compensation Act, §14(m), 33 U. S. C. A. §914, provides: "the total compensation payable under this chapter for injury or death shall in no event exceed the sum of $7500." In *International Mercantile Marine Co. v. Lowe,* 93 Fed. 2d 663, it was held that payments of $6,000 to a longshoreman did not prevent an award of $7,500 to his widow for his death from the same injury. Certiorari refused by United States Supreme Court, 304 U. S. 565, 58 S. C. 948.

[2] See discussion in *Rando v. State Work. Ins. Fd. et al.,* 145 Pa. Superior Ct. 386, 21 A. 2d 530.

his lifetime. This amendment by the legislature, eliminating the above reduction clause from the Workmen's Compensation Act before enacting the Occupational Disease Act as a supplement to it is further evidence of the intent of §5(b) as we have construed it. Our conclusion is also confirmed by the action of the legislature in 1939. The 1937 Occupational Disease supplement was repealed by the Act of June 21, 1939, P. L. 566, 77 PS 1201, et seq., which supplied a complete code governing compensation from occupational disease. The more conservative legislature in the 1939 act reduced the liability for compensation "for disability *and* death" from silicosis, to $3,600 as the maximum total amount payable to both the employee and his dependents. §301(a) 2, 77 PS 1401. There would have been no need for this change in the Occupational Disease Compensation law if the 1937 act limited total liability to $3,600. As a further limitation upon the right of the dependents of a deceased employee, §306(g), 77 PS 1406(g) provides: "...... the period during which compensation shall be payable to his dependents ......... shall be reduced by the period during which compensation was paid to him in his lifetime ......" The language of the 1939 Act, differing from the Act of 1937, raises the presumption that a different construction was intended in 1937. Cf. *Fidelity Trust Co. v. Kirk et al.*, 344 Pa. 455, 25 A. 2d 825; *Dixon's Case*, 138 Pa. Superior Ct. 385, 11 A. 2d 169.

Our conclusion in the present appeal is not inconsistent, as appellant contends, with what we said in *Rando v. State Work. Ins. Fd. et al.*, supra. The question there was whether $3,600 was the total amount payable by the *employer* to Rando as compensation for total disability from anthraco-silicosis, to be supplemented by additional payments by the Commonwealth, under the Act of July 2, 1937, supra. The claim of dependents was not involved. We held that $3,600 was

the limit of Rando's compensation whether payable by the employer or jointly by the employer and the Commonwealth.

Order affirmed.