## Panik *v.* Didra, Appellant.

Argued April 15, 1952. Before DREW, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

Paul A. McGinley, for appellant.

E. G. Scoblionko, with him Everett Kent and Scob-lionko & Frank, for appellee.

OPINION BY MR. JUSTICE JONES, May 26, 1952:

At the trial of this action for damages for personal injury resulting from an automobile accident, the plaintiff called a witness in rebuttal to impeach a certain portion of the testimony of the defendant driver of the automobile involved. The trial judge refused to permit the witness to refresh her recollection from a written report she had contemporaneously made of statements of the defendant concerning the happening of the accident. The jury returned a verdict for the defendant. On the plaintiff's motion, the court en banc awarded a new trial on the ground that the trial court had erred in respect of the above-mentioned ruling. The defendant appealed.

The appellant raises two questions, viz., (1) whether the witness who took the information from the defendant regarding the motor accident is competent to testify to such information for the purpose of contradicting the defendant at the trial of the action in trespass against him growing out of the accident and (2) whether the trial judge, in refusing the witness permission to use her written report of the indicated in-

formation to refresh her recollection, committed such prejudicial error as to justify the granting of a new trial.

The injury in suit was inflicted when the plaintiff, a pedestrian, was struck by an automobile driven by the defendant near a street intersection in Allentown. Shortly after the occurrence, the defendant, in obedience to a local ordinance, went to police headquarters to report the happening of the accident. He there made certain statements as to how the accident had occurred which a clerk in the traffic office of the Police Department embodied in a typewritten report. A portion of the defendant's testimony at the trial, two years later, being thought inconsistent with the information he had given the clerk in the traffic office, the plaintiff called the clerk in rebuttal for the purpose of contradicting the defendant's testimony in cognate regard. The witness was unable to recollect the defendant's prior statements but testified that she could do so if permitted to refresh her memory from the report she had written at the time. It was in that situation that the court refused her the right so to do. The learned trial judge was of the opinion that the report was incompetent as evidence because of the privilege imposed by Sec. 1214 of The Vehicle Code of 1929 (the Act of May 1, 1929, P. L. 905, 75 PS §761)[1] and that testimony, as to any "statement contained therein", by a witness who had refreshed her recollection from the report would be but a roundabout way of getting the report or a portion thereof in evidence contrary to the prohibition of the statute.

The error in the view so taken by the court at trial lay in the fact that the report in question was not the

---

[1] Section 1214 of The Vehicle Code of 1929 was amended by Section 1 of the Act of May 12, 1949, P. L. 1297, in part not presently material.

report to the State required by Sec. 1214 of The Vehicle Code of 1929 but was merely a report to the local police of the happening of the accident as required by an ordinance of the City of Allentown enacted pursuant to authority conferred on municipalities by Section 1214 of The Vehicle Code, cit. supra. A report to the State has to be filled out and transmitted by the operator of a motor vehicle, involved in an accident, on forms supplied by the Department of Revenue, while the report to the police need be no more than the operator's verbal notification to the Police Department of the happening of the accident. The two types of report differ materially in scope and attributes. The distinction between them will readily become apparent upon reference to the history behind the Vehicle Code as it now exists. It will likewise plainly appear that the privilege attaching to the State report does not attend the report to the police.

The "1927" Vehicle Code (Act of May 11, 1927, P. L. 886, Sec. 1030) required the operator of a motor vehicle involved in an accident to report such accident to the Department of Highways ". . . except that, when such accident occurs within an incorporated city or town, such report shall be made . . . to the police headquarters in such city or town. Every police department shall forward a copy of every such report so filed with it to the [highway] department." As is evident, the report then made to the police under the foregoing statutory provision at once became the report to the State. Such reports were privileged by the further provision of Section 1030 that ". . . no such reports . . . shall be admissible in evidence for any other purpose [than proof of law compliance] in any trial, civil or criminal, arising out of such accidents." However, the law with respect to reporting automobile accidents was changed by The Vehicle Code of 1929 (Act of May 1, 1929, P. L. 905). By Section 1214 of that

Act, the duty was imposed directly on the operator of a motor vehicle involved in an accident to ". . . forward a report of such accident to the department [of revenue], upon forms furnished by the department," and a report so filed with the Department of Revenue was, by the terms of Section 1214, privileged from use as evidence in any trial, civil or criminal, arising out of the reported accident. But, Section 1214 further provided that "Local authorities may require the reporting of motor vehicle accidents, in such form as they deem advisable, occurring within their jurisdictions, . . . ." And, the Act is silent about reports under such local regulations being privileged.

The obvious change thus wrought in the prior law by Section 1214 of The Vehicle Code of 1929 is significant and is not to be ignored. As we said in *Fidelity Trust Company v. Kirk,* 344 Pa. 455, 458, 25 A. 2d 825, —"Where words of a later statute differ from those of a previous one on the same subject they presumably are intended to have a different construction: [citing cases]. As Mr. Justice BREWER said in Hudson v. Parker, 156 U. S. 277, 291, 'The logic of all differences in substantial provisions between earlier and later statutes is indicative of difference rather than identity of purpose.' " It can be asserted with confidence that nowhere, since the effective date of The Vehicle Code of 1929 down to the present time, has the statute law of the State privileged an operator's report to the police of his automobile accident.

Nor does the ordinance, which the City of Allentown enacted pursuant to the leave granted municipalities by Section 1214 of The Vehicle Code of 1929, accord any privilege to the reports of automobile accidents made thereunder. The ordinance did not prescribe that the report be made on any particular form as does the statute with respect to the report to be made to the Department of Revenue. Under the ordinance's

very general provision for the reporting of an automobile accident to the police, a verbal report of the mere happening of the accident satisfies the requirements of the situation. The ordinance itself appropriately regards the report to be made by the operator to the Department of Revenue as being an entirely different thing. Thus, the ordinance provides that an operator, when reporting an accident to the police, shall be furnished by the Bureau of Police with "state forms for the reporting of such accident to the state." And, the ordinance further expressly subjects itself to the limitation placed upon local authorities by providing that "Nothing herein contained shall exempt any operator involved in an accident of the reporting of such accident to the state." Not justifiably can there be imputed to the ordinance any intent that the report to the police, thereby required, was to be privileged. In *Kusza v. Maximonis,* 363 Pa. 479, 482, 70 A. 2d 329, the late Mr. Justice PATTERSON said for this court,—"In construing a statute, the court must ascertain and give effect to the legislative intention as expressed in the language of the statute, and cannot, under its powers of construction, supply omissions in a statute, especially where it appears that the matter may have been intentionally omitted: Commonwealth ex rel. Cartwright v. Cartwright et al., 350 Pa. 638, 645, 40 A. 2d 30." The foregoing is, of course, equally applicable to judicial construction of an ordinance.

The appellant finally argues that privilege should attend the report to the police of a motor accident although the ordinance, requiring the report, does not so declare. This, the appellant contends because Sec. 1214 of The Vehicle Code of 1929 confers privilege on the State report required to be filed with the Department of Revenue and Sec. 1103 of The Vehicle Code, as amended (75 PS §663), provides, inter alia, that "Local authorities . . . shall have no power . . . to enact or en-

force any ordinance, rule or regulation contrary to the provisions of this act . . . ." The ready and complete answer to this contention lies in the fact that the inhibitions imposed on local authorities by Section 1103 of The Vehicle Code relate to speed and highway regulations and controls and not to reports of accidents. The only restraint placed upon local authorities in exercising the power (conferred on them by Section 1214 of The Vehicle Code) to "require the reporting of motor vehicle accidents, in such form as they deem advisable" is that "such local reports shall not conflict with the necessity for reporting such accidents to the department [of revenue]." That necessity, the Allentown ordinance expressly recognized and confirmed.

As the information contained in the defendant's report of the accident to the police was unprivileged, it was like any other declaration against interest so far as its competency as evidence against him is concerned. There can be no doubt that had the clerk who took the information remembered what the defendant told her, she could have testified to what he said if it tended to contradict him. Consequently, the learned trial judge erred in refusing the clerk permission, when called to refute the defendant, to refresh her recollection by referring to the report she had contemporaneously made of the information which the defendant had given her. That is so even though the report itself was not competent proof of its contents. "A witness may use a book or memorandum for the purpose of refreshing his memory even though the writing itself would not be competent evidence": see *Nestor v. George,* 354 Pa. 19, 22, 46 A. 2d 469, and cases there cited. The foregoing statement of the law was reiterated in *Commonwealth v. Noel,* 168 Pa. Superior Ct. 42, 49, 76 A. 2d 236, in connection with a policeman's use at trial, for the purpose of refreshing his recollection, of a typewritten memorandum he had contemporaneously made of ad-

missions of the defendant. It was said in *Common-wealth v. Perri*, 97 Pa. Superior Ct. 78, 84, with respect to refreshment of memory, "The recollection of the witness—not the memorandum used to refresh it—is the real evidence."

The error in the trial court's refusal to permit the witness to refresh her recollection from the report was highly prejudicial, going, as it did, to a matter designed to impeach the credibility of the defendant upon whose testimony his guilt or innocence of causative negligence largely depended. The learned court below, therefore, very properly granted the defendant's motion for a new trial.

Order affirmed.