## Abel v. Philadelphia Suburban Trans. Co.

*Reilly & Pearce*, for plaintiff.

*Malcolm B. Petrikin* and *John W. Wellman*, for defendants.

SWENEY, P. J., December 21, 1956.—This matter comes before the court en banc upon the petition of defendants and plaintiff's answer thereto, wherein the question is raised as to whether or not a police investigation, made by Upper Darby Township police, as to an accident in which plaintiff, a motorcycle police officer of said township, was seriously injured, should be made available to defendants.

On October 12, 1956, defendants, to aid in preparation for trial, took the oral depositions of Chester Sauders, a police officer of Upper Darby Township. Mr. Sauders testified that he was a detective; that the police department, in the performance of its official duties conducted an investigation of the accident, that the investigation was conducted by police officers during their regular tour of duty; that a police report was made, pictures of the accident scene were taken, a diagram of the accident scene was made, names of eyewitnesses were secured, and witnesses were interviewed and notes thereof made. The witness refused to produce any of this investigation, saying, "Well, now, I have been instructed by my Superintendent of Police that our interest in this investigation is for our officer, John Abel; I object to showing any confidential investigation that our Department has pertaining to this particular case at this time."

Pa. R. C. P. 4011 provides that no discovery or inspection shall be permitted which:

"(c) relates to matter which is privileged or would require the disclosure of any secret process, development or research;

"(d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses;"

The distinction must be made in this case between the ordinary police investigation and the case in which a police officer is involved as a party. In this case, a police officer, while on duty, was seriously injured and the liability of Upper Darby Township is clear. The record does not show that the township has requested the right to intervene as a party plaintiff, but the right of subrogation of the township is definitely fixed by the law.

We can take judicial notice of the fact that our police investigate automobile collisions. Although only required to assist motorists in filling out report forms for the Department of Revenue, Bureau of Motor Vehicles, some of our larger and better equipped departments, of which Upper Darby Township is one, often take pictures of the scene and secure the names of witnesses. However, it is not usual, or required, that the police make diagrams of the accident scene or interview witnesses and secure statements.

It is apparent that, in this case, the police went further than usual and the only proper inference which can be drawn is that a police officer had been injured and the police department was interested in protecting him and the taxpayers of the township. The natural conclusion from this is that the investigation was thus extended in contemplation of litigation and in preparation for trial.

Defendants cite for our consideration the case of Panik v. Didra, 370 Pa. 488, as authority for the proposition that reports made by local police are not

privileged. This case is predicated upon a local ordinance requiring a municipal police department to make a report of a motor vehicle accident and there is nothing before us which would indicate that Upper Darby Township has such an ordinance.

We appreciate the trend of the law is in favor of simplified trials and a minimizing of surprise. However, we still have clear memories of our own days as a struggling trial lawyer and we will never forget two occasions when we gave the "other side" information which we thought would lead to a settlement, only to find, on trial, that somebody had "shifted the marbles".

However, under our rule, discovery is permitted as far as information as to the identity or whereabouts of witnesses and we will direct that the Upper Darby Police Department disclose the names and addresses of eyewitnesses to this accident. We also see no reason why counsel for the defense may not be shown the pictures and diagram. However, the reports and statements of witnesses were procured in contemplation of litigation and we cannot require that their contents shall be made known to defendants.

### Decree

And now, December 21, 1956, it is ordered and decreed that the Upper Darby Police Department, through detective Chester Sauders, shall reveal to defendants, or their counsel of record, the names and addresses of eyewitnesses to the accident which happened on May 9, 1955, at or about 8 p.m., that there shall be disclosed to said defendants, or their counsel of record, such pictures and diagrams of the accident scene as may be in the possession of said police for the purpose of having copies or duplicates made of the same, under such circumstances as will preserve same. An exception to this action of the court is noted for all parties.