STATE OF TENNESSEE, COMPLAINANT, APPELLEE, *v.* W. A. COLLIER *et al.,* DEFENDANTS, APPELLANTS.

(*Nashville,* December Term, 1932.)

Opinion filed July 23, 1932.

E. B. KLEWER, J. N. THOMASON and JOHN BROWN, for complainant, appellee.

PILCHER & PILCHER, and THOMAS H. MALONE, for defendants, appellants.

MR. JUSTICE COOK delivered the opinion of the Court.

This cause is identified by reference to the Clerk and Master's filing number 197 T. R. D. The case is the last of a succession of delinquent tax suits brought by the State for its own use and for the use of Shelby County and the City of Memphis to recover delinquent taxes under chapter 607, Acts of 1907, and amendatory Acts, chapter 586, Acts of 1909, chapter 37, Acts of 1911, and chapter 115, Acts of 1921.

The litigation in this and the several suits for the recovery of delinquent taxes for each of the years antecedent to the filing of this bill has been protracted. Pursuant to chapter 115, Acts of 1921, antecedent suits for the collection of delinquent taxes were consolidated with this cause. Thereafter the bills in certain of the causes were dismissed. Details of procedure in the trial court, however, are not material. This reference to them is made merely to indicate the long course of litigation that has continued since 1909.

Subsequent to the enactment of chapter 77 of the Acts of 1923, bills were filed by the back tax attorney designated under that Act to prosecute tax suits and to recover the taxes for subsequent years. In this cause the

chancellor sustained the bill of the State and the several bills filed to recover taxes within the period of six years preceding commencement of suit and ordered a reference to ascertain the interest, penalties and costs.

Under the order of reference, taxes, interest and penalties that accrued in subsequent years and which rested also as a lien on the land were to be ascertained and reported as an additional obligation of defendants and an additional lien on the land. Upon the report of the Clerk and Master the chancellor ordered a sale of the land for delinquent taxes for cash subject to the right of redemption. He held that the sale, although made in the cause filed by the revenue agent under the Act of 1921, should be governed by the subsequent law, chapter 77, Acts of 1923, which provided for a sale for cash subject to the right of redemption. On appeal the decree of the chancellor was modified, as indicated by the opinion in 160 Tennessee, 403, and the cause remanded for execution of the reference and for a sale of the land in bar of redemption, as provided by the Act of 1921. On that appeal the court held that the delinquent tax laws contemplated that the purchaser should acquire title free from tax liens and that all taxes accruing subsequent to the filing of the bill under the Act of 1921, should be enforced by a proceeding to ascertain incidental liens in the manner provided by section 969 of Thompson's-Shannon's Code.

Upon remand there was a reference and the Master reported delinquent taxes due in cause No. 197 T. R. D., and the causes consolidated with it, as well as taxes, interest, penalties and fees due under the subsequent tax bills brought by the back tax attorney under the Act of 1923. The taxes for subsequent years amounted to $243,000 of the total of $421,154.26.

The chancellor entered a decree ordering the property. sold for all taxes prior to 1930 on a credit of three and six months in bar of the right of redemption. That was done in obedience to the opinion of the court in. *State* v. *Collier,* 160 Tenn., 403, and in the opinion in response to defendants' petition for rehearing. The lands were sold and the State bid, as the statute requires, the sum of State, county and municipal taxes, as well as penalties, attorneys' fees and costs, as each parcel of land was offered. The several bids of the State covered the entire charges found to rest as a lien upon the land. The State bid in six or more parcels of the land at a sum aggregating $62,619.45, if we make no error of calculation.

T. B. Collier bid the sum of the State, county and municipal taxes, together with other charges, on four or five parcels of land. His bid was rejected by the Master when he offered to comply with it, the Master holding that the security offered was inadequate. The property was resold and bid in by the City of Memphis. As other parcels were offered the city purchased by raising the bid of the State above that required to cover all taxes State, county and municipal, together with charges against the property and purchased twelve or more parcels of land at a cost aggregating $350,141.

From the decree overruling their exceptions to the Master's report of sale and the decree confirming the report of sale, the defendants appealed. It is insisted that the chancellor's decree should be reversed, among other reasons:

(1) Because it was error to decree the sale for delinquent taxes in bar of the right of redemption.

(2) For error in rejecting the bid of T. B. Collier for the reasons assigned by the Master in holding the surety offered by him inadequate.

(3) For error in holding that the City of Memphis could raise the bid of the State, purchase the property at the tax sale in its own right, and satisfy its bid by unsecured notes.

(4) Because the certificate of the State revenue agent, the back tax attorney, the constable in whose hands the delinquent lists first rested, and witnesses introduced to establish the items of delinquent taxes, etc., for the several years, are not legal evidence of the fact and should have been excluded upon objection by the defense; and there being no evidence, it was error to decree a sale.

(5) For error in approving the action of the Master in allowing excessive and cumulative penalties assessed under the Act of 1923.

(6) For error in allowing illegal penalties assessed by the city upon the delinquent abutting property tax.

■ On the former appeal the court remanded the cause for sale in bar of the right of redemption, as provided in chapter 115, Acts of 1921, for the reasons stated in the opinion referred to and in response to defendants' petition for rehearing. That decision became the law of the case and will not be set aside.

■ The Clerk and Master exceeded his power in rejecting the purchase money notes tendered by T. B. Collier for the parcels of land purchased by him. The grounds given by the Clerk and Master for his action were irregularity or discrepancy in the deed from Barron Collier conveying valuable real estate in Memphis to Trezevant Collier. This deed was presented to the Clerk

and Master by Trezevant Collier to establish the sufficiency of his surety on the note and was rejected by the Master apparently because of a discrepancy in the date of the conveyance, which could not have affected the title to the property. No facts are presented by the record to indicate that the deed from Barron Collier was not made in good faith and that it did not pass a good title to Trezevant Collier, and it is indicated by the record that the value of this property was $25,000 or more.

Upon the facts presented by the record the Clerk and Master should have accepted the surety tendered, at least to the extent of the solvency of the surety as indicated by the conveyance. The Clerk and Master was only interested in the question of whether Trezevant Collier acquired a title by the deed and the value of the property.

The Acts of 1921 and 1923 provide that delinquent taxes, State, county and municipal, shall be collected at the suit of the State. These Acts also provide that upon a sale for taxes the State shall bid a sufficient sum to protect not only the State but the county and municipality. In view of this general rule, passed for the protection of all municipalities and applicable to all alike, special legislation for the benefit of a particular municipality would be unnecessary; and a special Act applicable to a particular town or city would not only be contrary to the declared policy of the State and hinder the State in the administration of its delinquent tax laws, which are designed for the collection and distribution of all delinquent taxes, State, county and municipal, but such a special Act would be partial and discriminatory as against all other municipalities and as against the several counties.

In support of its right to bid, the city refers to chapter 502, Private Acts of 1929. It is insisted that by force of this Act it had the right to purchase $350,140 worth of the property by raising the bid of the State on each parcel offered.

That Act was passed as an amendment to the charter of the City of Memphis. It empowers the city "to fully protect the rights and interests of said city in any property sold at public or court sale for delinquent taxes by bidding and paying for such property so sold, such amounts as will insure the recovery of any and all delinquent city taxes thereon and taking immediate possession to lease, rent, sell and convey any property so purchased." If this Act could, by its discriminatory provisions, confer authority upon the city to make the purchase, the city exceeded the powers conferred by the Act when it raised the bid of the State, which had already insured the recovery of any and all delinquent taxes due the city. It is insisted for the city that this Act only affected the city in its political capacity and therefore it is not violative of Article XI, section 8, of the Constitution.

While the collection of taxes is a governmental function, as said in 6 McQuillin, section 2815, the purchase and ownership of property is the act of the city in its corporate and proprietary capacity, and a special law that confers the power upon a particular municipality to purchase property at a tax sale to the exclusion of all others, would be void. *Berry* v. *Hayes*, 160 Tenn., 577; *City of Memphis* v. *Fisher*, 9 Baxt., 239.

Moreover the rights of the city were adequately protected by the general law and by the bid of the State. When the city overbid the State, it was acting as a corpo-

rate entity in its proprietary capacity and in excess of its power. 37 Cyc., 1354.

■ The Master's report of taxes, State, county and municipal, for 1920, and antecedent years is based upon the certified statement of the revenue agent and custodian of the delinquent tax records on which the claim for taxes rests under bill 197 T. R. D. and cases consolidated with it, and also upon the testimony of Mr. Gates and Mr. Anderson. The Master's report also rests upon the certified statement of the back tax attorney, custodian of the records pursuant to the Act of 1923 showing the subsequent delinquent taxes, and upon the certificate of Lon Callis, constable, into whose possession the delinquent tax list passed from the trustee before delivery to the back tax attorney. This official record is supplemented by the testimony of Mr. Gates and by the testimony of R. H. Anderson, manager of an abstract company, who stated that his company kept accurate check on delinquencies and that he had verified the tax lists certified by the officers above mentioned with his records and found them accurate. No evidence of fact or circumstance is offered by defendants to refute the accuracy of the records on file. The certificates of these officers were admissible under the Acts of 1921 and 1923 and they present a prima facie case of accuracy which must be accepted in the absence of any showing to the contrary. None appearing, assignments to the action of the chancellor upon this proposition are without merit.

■ In computing the fee of the back tax attorney on taxes for 1922 and subsequent years, the Master applied the rule indicated by subsection 1, section 2, chapter 115, Acts of 1921, to the effect that the fee of the revenue

agent should be laid at fifteen per cent on the gross amount of taxes, interest and penalties. While he correctly allowed only ten per cent penalty to the back tax attorney, he erroneously applied it to the gross amount instead of to the tax. He should have ascertained the fees of the back tax attorney by reference to chapter 77, Acts of 1923, section 7, which provides that upon the filing of suits to enforce the tax lien an additional penalty of ten per cent upon all delinquent taxes shall accrue and the sum is imposed upon the amount due from any defendant to the State, county or municipality. The words "amount due from any defendant" refer to the taxes and interest, and computation of this penalty should be made by reference to the taxes and interest due, and not to accumulating penalties, which, by section 1, run one-half of one per cent a month. The ten per cent penalty to be devoted to the expense of prosecuting the suit is laid when the suit is filed. The one-half of one per cent penalties per month inure to the State, county and municipality and would continue until the last step of procedure necessary to ascertain the amount due as a predicate for the decree of sale. The Act of 1923 limits the back tax attorney's fee to the penalties of ten per cent upon the taxes and interest due when the bill is filed, and it was error to allow the excess produced by the computation based on the Act of 1921.

It was also error for the Master to include penalties upon taxes laid under the abutting property Act. This special assessment made by the City of Memphis under chapter 341, Acts of 1907, was upon four pieces of property, described in exhibits 1, 4, 8 and 9 to the record. Exhibit No. 1 shows a piece of property on the northwest

corner of Manassas Street; No. 4, the Collier home-place; No. 8, three lots in the Trezevant subdivision, and No. 9, three lots in the Trezevant subdivision.

In addition to the taxes and interest imposed on these pieces of property under the abutting property law, penalties of $1660 were added. Chapter 341, Acts of 1907, does not provide for the imposition of a penalty, and statutory power lacking, the city ordinance providing for the imposition of a penalty upon the delinquent abutting assessment is void. *Burns* v. *City of Nashville*, 142 Tenn., 541.

For reasons stated in paragraphs 2 and 3, the decree of the chancellor confirming the report of the Clerk and Master of the sale of the several parcels of land to the city is reversed and the cause remanded for a resale of that particular property. His decree confirming the Master's report of the sale of several pieces of property to the State is affirmed.

While we are of the opinion that the action of the chancellor in allowing the cumulative penalties as indicated by paragraph 5 and the unauthorized penalty, as indicated by paragraph 6, was error, it was error that may be corrected upon the remand.

The chancellor will take such action as will enable him to ascertain the amount of the excessive charges referred to in numbered paragraphs 5 and 6. The amount of illegal penalties added to the abutting property assessment may be deducted from any one or more tax items chargeable against defendants on behalf of the city. The amount of excess fees or penalties allowed the back tax attorney may be deducted pro rata from the amounts due the State, county and municipality upon the several

pieces of property to be resold. We mean by this that the chancellor shall pursue such course as may appear to him necessary to eliminate the particular charges which we have found to be unauthorized and make the deduction in such manner as may result in the least confusion.

We have considered numerous other assignments of error in which we find no merit. The cause will be remanded for such other proceedings as are necessary to execute the original decree for sale.