STATE OF TENNESSEE, FOR USE, ETC., COMPLAINANT, AP-
PELLEE, *v.* W. A. COLLIER, *et al.,* DEFENDANTS, APPEL-
LANTS.

(*Knoxville,* September Term, 1932.)

Opinion filed November 12, 1932.

E. B. KLEWER and JOHN BROWN, for complainant, appellee.

THOS. H. MALONE, JAS. G. REASONOVER and COLLIER & COLLIER, for defendants, appellants.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a tax suit in which a number of bills seeking the recovery of state, county and city taxes have been consolidated. The matter has been twice before this court heretofore, as appears from decisions reported in 160 Tenn., 403, and 165 Tenn., 28. Upon the last appeal the cause was remanded for a resale of certain of the properties involved for reasons shown in the last opinion.

Pending the resale a petition was filed in the chancery court briefly setting out the previous course of the litigation, pointing out that defendants had paid no taxes on the lands involved for many years, and averring that the court was expressly authorized to appoint a receiver to take charge of the property liable for delinquent taxes, to the end that the net amount of the rents and profits

derived from such property, after paying the receiver's compensation, might be applied to the payment of interest, penalties and costs involved in the suit. There was a prayer that a receiver accordingly be appointed to collect the rents and profits and hold them subject to the orders of the court and at the hearing said funds be applied to the satisfaction of the delinquent taxes, etc. An answer was filed to this petition and the defendants opposed the granting of the relief sought. The chancellor, however, appointed a receiver and the receiver proceeded to rent certain of the property.

The defendants have filed a petition for the writs of *certiorari* and *supersedeas* seeking to vacate the order of the chancellor appointing the receiver as aforesaid, which petition has been answered and briefs submitted by all parties.

The petition for a receiver is based on section 1602 of the Code, being a part of the chapter entitled ''Collection of Delinquent Taxes.'' This section provides that in all cases in which tax bills are filed the courts ''are authorized to appoint receivers to take charge of the property which is the subject matter of the litigation and collect the rents and profits thereon, to the end that the net amount of such rents and profits after paying the receiver a reasonable compensation, shall be applied to the taxes, costs, penalties, and interest involved in such suits and incident thereto.''

This section of the Code was taken from chapter 115 of the Acts of 1921. It is not in the later Act, chapter 77 of the Acts of 1923. It is not necessary to consider which Act controls this detail of these proceedings. Section 1602 of the Code was in effect prior to the application herein, and since that section affects only the remedy

of the State, not the rights of defendant, we think the Code section is applicable.

From the quotation above, it is obvious that the court is not required to appoint a receiver in cases like this. The court is merely authorized to appoint. That means such action should be taken in proper cases. A court of chancery would doubtless have had the right to make such an appointment in a proper case regardless of the statute, since the State is a lien holder.

There is no allegation in the petition that the property involved is being misused, wasted, or neglected so that the value of the security is being endangered. There is no allegation that the land is not adequate security for the taxes due. None of the grounds that are ordinarily set out upon the application of a lien holder for a receiver appear in the petition. See Chambliss' Gibson's Suits in Chancery, section 899, Sub-section 8. There is an averment in the petition that the defendants have not paid their taxes for many years. That is a ground in the suit of a private lien holder for the appointment of a receiver because the property is likely to be lost by a tax lien or title against which the lien of the private suitor will not avail. *Johnson* v. *Tucker*, 2 Cooper's Chancery, 398. In the case before us, however, the tax liens asserted are not impaired by the liens of subsequently accruing taxes.

■ From the foregoing, it is plain that no facts justifying the appointment of a receiver are stated in the petition herein filed. Where the facts stated in the pleadings do not justify the decree entered, such a decree is *coram non judice*.

We are accordingly of the opinion that the order herein entered appointing the receiver for the properties in-

volved was beyond the competency of the chancellor. The writs of *certiorari* and *supersedeas* are granted, the appointment of the receiver vacated, and the cause remanded to the Chancery Court of Shelby County for further proceedings.