## CITY OF KNOXVILLE *v.* HESSLER.

### (*Knoxville,* September Term, 1942.)

Opinion filed November 7, 1942.

Norman B. Morrell and Joe C. Thomason, both of Knoxville, for appellant, Hessler.

Max Morrison, of Knoxville, for appellee City of Knoxville.

Mr. Justice Prewitt delivered the opinion of the Court.

This cause follows the filing of certain suits in the Chancery Court of Knox County by the City of Knoxville against the defendant, F. A. Hessler, to collect delinquent taxes on certain pieces of property owned by the defendant in said city. The suit was filed under Chapter 19 of the Public Acts of 1941 under what is known as the Tax Receivership Act.

Upon the filing of a bill by the City for the appointment of a receiver of said property, and prior to the

time said motion was acted upon, the State of Tennessee and Knox County interposed their intervening petitions in which they set up their claims against the property, and requested that their tax liens be given priority over the claim of the City of Knoxville. The delinquent taxes claimed to be owing by the defendant for the years 1930-1940 amounted to $9,813.80.

The defendant Hessler thereupon filed a demurrer to said original bill, which was overruled by the chancellor, except the eighth ground, and a decree was accordingly entered and this appeal has resulted. The grounds of said demurrer relied upon by Hessler were substantially as follows:

1. The Act is broader than the caption and violates Section 17, Article 2, of the Constitution of the State of Tennessee, which provides that ''no bill shall become a law, which embraces more than one subject; that subject to be expressed in the title.''

2. The Act is retrospective and impairs the obligation of contracts, and violates Section 20, Article 1, of the Constitution of the State of Tennessee, which provides that ''no retrospective law, or law impairing the obligations of contracts, shall be made.''

3. The Act is violative of the equality and uniformity provisions of the Constitution relative to taxes and sets up exemptions operating against public taxes, and violates Section 28, Article 2, requiring uniformity and equality of taxation.

4. Said Act violates Section 8, Article 1, of the Constitution of the State of Tennessee, which provides that ''no man shall be . . . deprived of his life, liberty, or property, but by the judgment of his peers or the law of the land,'' and the Fourteenth Amendment of the

Constitution of the United States providing for the equal protection of the law.

5. That said Act violates the due process provision of Article 1 of the Fourteenth Amendment to the Constitution of the United States.

6. That said petitions do not aver that the complainant will be injured or prejudiced by permitting the defendant to remain in possession of the premises, or that the defendant is hindering, delaying or interfering with the complainant in the enforcement of its tax liens, or that the defendant's acts are jeopardizing the complainant's interests or rights, or that it is necessary to the ends of substantial justice to have a receiver.

7. The petitions do not make any averment of fact or law relative to the necessity of the appointment of a receiver.

8. Said Act violates Section 17, Article 1, of the Constitution of the State of Tennessee in that there is placed upon several parcels of property owned by the defendant the aggregate tax burden of all properties standing in his name at the time of the filing of the receivership petition.

All the grounds for demurrer were overruled, except the eighth which was sustained, and the assignments of error rely on the grounds for demurrer as set out in the lower court.

The first ground is that the Act is broader than the caption, which reads as follows: "An Act to provide for the appointment of Receivers to collect rents on real property subject to unpaid taxes or special assessments which have been due and payable for at least two years, and to provide the rights, powers, and duties of such Receivers."

330

This assignment is overruled. See *Wright* v. *Donaldson*, 144 Tenn., 255, 230 S. W., 605.

It is also assigned as error that the Act is retrospective and impairs the obligation of contracts, and violates Section 20, Article 1, of the State Constitution.

In *Sherrill* v. *Thomason,* 145 Tenn., 499, 238 S. W., 876, 882, the constitutionality of the delinquent tax law of 1921 was under consideration by this court, and the Act was challenged on the ground that it was retrospective. The court there said: "Remedies by which delinquent taxes are to be collected are under the control of the Legislature. It may modify an existing remedy, or may abolish such remedy altogether and substitute therefor a new one, . . . ."

It is also assigned as error that the Act in question is violative of the equality and uniformity provisions of the Constitution relative to taxes and sets up exceptions operating against public taxes; that it deprives the taxpayer of his property without due process of law and denies equal protection of the law.

The Act in question applies to the remedy for the collection of delinquent taxes and does not impose any other or additional burden on the property by way of additional penalties, interest, etc.

It is also assigned as error that there is no statement in the bill that defendants are interfering with, delaying or hindering the complainant in the enforcement of its tax lien existing against the property, and that the petitions make no averments of fact or law relative to the necessity of the appointment of a receiver.

Section 2 of the Act provides: "This right shall exist whether or not such property is being misused, wasted, or neglected, and whether the security for such tax is adequate or not."

It is, therefore, unnecessary for the petitions to make any such statement.

In *State for Use* v. *Collier,* 165 Tenn., 163, 53 S. W. (2d), 982, which was decided in 1932, the court held that the petition must charge that the property is being misused, wasted, or neglected. The *Collier Case,* however, was decided before the enactment of the statute now under consideration.

In many of these tax cases there has been a great deal of delay, permitting the property owner to collect the rents over a period of months. The Act in question provides for the appointment of receivers and leaves it to the trial judge to use his sound discretion in the matter. If this discretion is abused the property owner, of course, has his remedy.

It results that we find no error in the decree of the chancellor and it is affirmed.