## EDINBURG IMPROVEMENT ASS'N v. CITY OF EDINBURG.

### No. 11538.

Court of Civil Appeals of Texas. San Antonio.

Nov. 14, 1945.

Rehearing Denied Dec. 19, 1945.

Hill & Franki, of Mission, for appellant.

Cox, Taylor & Smith, of McAllen, for appellee.

MURRAY, Justice.

This suit was instituted by the City of Edinburg, a municipal corporation, against Edinburg Improvement Association, described as an express trust, to recover taxes alleged to be due for the years 1928 to 1943, both years inclusive. The trial began to a jury, but later the jury was discharged by agreement of the parties and all questions of both law and fact were submitted to the court.

Judgment was ultimately rendered, in substance, as follows:

(1) Sustaining defendant's plea of payment as to all taxes for the years 1928 to 1931, both inclusive, and denying recovery for those years.

(2) Denying recovery as to certain years and certain properties, because of various irregularities in description or method of assessment, without prejudice to the city's right to re-assess such properties for those years.

(3) In favor of the city for taxes, penalties and interest in various amounts, totalling $7,628.22, with foreclosure of tax lien against various properties.

From this judgment Edinburg Improvement Association has prosecuted this appeal.

Appellant presents but one point, which reads as follows: "Plaintiff is not entitled to recover against defendant for any of the years sued for, because, after its original tax rolls for such years were made up and presumably equalized as required by law, plaintiff accepted payment from many others for such years upon the basis of substantial and wide-spread reductions in valuations of their properties without making similar reductions in the valuation of the defendant's property for such years. By this method the equality and uniformity presumably present in the original rolls was destroyed, resulting in discrimination whereby defendant is required to pay more than its just proportion of taxes for such years. This is contrary to Sec. 1, Art. 8, Texas Constitution and the 14th Amendment to the U. S. Constitution."

Appellant does not contend that the city assessment rolls for the various years were discriminatory or otherwise defective when approved by the city officials, but, on the contrary, it contends that they were valid. We quote from appellant's brief: "So we start out in this case with the original tax rolls and levy of taxes for the years 1932–1943, both inclusive, which plaintiff certifies to this Court fully complied with the law when made, and in which no person's property is assessed at more than its cash market value, and in which every person's property is assessed at its full value. (Art. 7174.)"

Appellant's contention is that the equality and uniformity of such rolls was destroyed by the city's acts in granting various taxpayers wholesale reductions of property values. There can be no question but that in collecting delinquent taxes large and substantial reductions of valuations were granted to numerous taxpayers.

We are of the opinion that if the tax rolls were equal and uniform when approved and established as the assessment rolls of the city, they would not be rendered illegal and void because of later reductions made under valid laws in connection with the collection of delinquent taxes.

Art. 7264a, Sec. 1, Vernon's Ann.Civ. Stats., provides as follows:

"Art. 7264a. Adjustment of delinquent taxes and collection thereof.

"Sec. 1. It is hereby declared the Policy of the State to adjust delinquent taxes, correct errors, to eliminate conflicts in surveys of land, and to collect the delinquent, occupation, franchise and Ad Valorem Taxes, in order to clear this State of such

taxes, errors and conflicts at the earliest date possible, and to provide a system for assessors, in order to eliminate the numerous errors that now appear on the tax rolls each recurring year."

Art. 7345d, Vernon's Ann.Civ.Stats., passed in 1939, more particularly provides for adjustment of delinquent taxes by the Commissioners' Court as follows:

"Art. 7345d. Inequitable or confiscatory assessments.

"In all cases where property appearing on the tax rolls, whether rendered or unrendered, current or delinquent, appears to have been assessed at a valuation greater than that placed upon other property in such locality of similar value, or out of proportion to the taxable value of such property; or where by reason of the depreciation in the value of such property an adjustment of assessed value would be equitable and expedient; or where by reason of long delinquency, the accumulated delinquent taxes, with penalties, interest, and cost aggregate such amount as to make their collection inequitable or confiscatory, the Commissioners Court of the county in which such property is situated, upon the application of the owner thereof or his duly authorized agent, shall have the power to reopen and reconsider the original assessments. In all such cases, the Commissioners Court shall hear testimony from competent and disinterested witnesses, and may make such personal and independent investigation as may seem necessary and expedient. If, after such investigation it shall appear to the Commissioners Court that such assessments were discriminatory, or out of proportion to the taxable value of the property, or that by reason of the depreciation of value of same, or that the enforced collection of the accumulated delinquent taxes, penalties, interest, and costs would be inequitable or confiscatory, the Commissioners Court may, under its power as a Board of Equalization, make such adjustments as to assessed values of such property as it may determine to be equitable and just. And any previous fixing of values of such property for the years involved shall not be 'res adjudicata' as to the particular case."

This statute was not effective until 1939, but would affect tax adjustments after that date.

Art. 7350, Vernon's Ann.Civ.Stats., gives the Commissioners' Court authority to correct or reduce excessive and unreasonable assessments.

Art. 1060a, Vernon's Ann.Civ.Stats., has the effect of giving to the City of Edinburg all of the powers granted by the above articles of the statutes to Commissioners' Courts.

Appellant does not contend that it could not have received similar adjustments or reductions of its taxes by applying to the city officials. As far as the record shows, appellant simply never did apply for such adjustments or reductions.

Thus we are brought down to the one question of whether granting to certain taxpayers adjustments or reductions of their taxes has the effect of rendering the assessment rolls illegal and void.

The rule seems to be well established that if the original assessment rolls are legal in every respect and property has been equally and uniformly assessed, then such rolls will not be rendered illegal and void by the methods used in collecting taxes thereon. We feel that this rule is a proper one. Such a rule does not violate Sec. 1, Art. 8, of the Texas Constitution, Vernon's Ann.St., for all that is there required is that property be taxed in proportion to its value and that taxes be equal and uniform. When taxes have been assessed in an equal and uniform manner this provision of the Constitution has been met. There is nothing in the section which requires that the collection of taxes must be equal and uniform. Texas & P. Ry. Co. v. City of El Paso, 126 Tex. 86, 85 S.W.2d 245; James, State Treasurer, v. Gulf Ins. Co., Tex.Civ.App., 179 S.W.2d 397; Druesdow v. Baker, Tex.Com.App., 229 S.W. 493; Rowland v. Tyler, Tex.Com.App., 5 S. W.2d 756.

The practice indulged in by the City of Edinburg of making adjustments and reductions where contentions were presented that reductions would be proper, did not violate the 14th amendment to U. S. Constitution, because all taxpayers in the city had the same opportunity to apply for and receive such reductions. It is not contended that these reductions were fraudulently or corruptly made, but simply that a great number of them were made.

The rule existing in other jurisdictions is well illustrated by Tappan v. Merchants' Nat. Bank, Ill., 19 Wall. 490, 505, 86 U.S. 490, 22 L.Ed. 189, in which case it is stated: "Again, it is said the law in question de-

stroys the uniformity of taxation, because it provides for the collection of taxes assessed on account of this kind of property in an unusual way. The Constitution does not require uniformity in the manner of collection. Uniformity in the assessment is all it demands. When assessed the tax may be collected in the manner the law shall provide; and this may be varied to suit the necessities of each case."

In Missouri K. & T. Trust Co. v. Smart, 51 La.Ann. 416, 25 So. 443, 447, by the Supreme Court of Louisiana, it was said: "* * * The constitutional requirement that taxation shall be equal and uniform applies to the levy, and not the method of collecting the tax * * *."

In Mississippi State Tax Commission v. Flora Drug Co., 167 Miss. 1, 148 So. 373, 378, it is said: "Uniformity of taxation does not require uniformity of collection, but only uniformity of assessment * * *."

Other authorities are: In re Taxes Delinquent, Washington Court, Minnesota, 197 Minn. 266, 266 N.W. 867; State ex rel. Moose v. Kansas City & Memphis Ry. & Bridge Co., 117 Ark. 606, 174 S.W. 248; Wheir v. Dye, 105 Mont. 347, 73 P.2d 209; City of Knoxville v. Hessler, 179 Tenn. 326, 165 S.W.2d 592; Fidelity Trust Co. v. Kirk, 344 Pa. 455, 25 A.2d 825; Florida Central & P. R. Co. v. Reynolds, 183 U.S. 471, 22 S.Ct. 176, 46 L.Ed. 283; Hammett v. Kansas City, 351 Mo. 192, 173 S.W.2d 70; Napier v. City of Springfield, 304 Mass. 174, 23 N.E.2d 157; Charlston Federal Savings & Loan Ass'n v. Alderson, 324 U.S. 182, 65 S.Ct. 624; Southern R. Co. v. Watts, 260 U.S. 519, 43 S.Ct. 192, 67 L.Ed. 375; New York ex rel. New York Clearing House Building Co. v. Barker, 179 U.S. 279, 21 S.Ct. 121, 45 L.Ed. 190.

The judgment of the trial court is affirmed.