# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**November 5, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

EDDIE COOK, in his capacity as　　　)
HICKMAN COUNTY HIGHWAY　　　　)
SUPERINTENDENT, and THE　　　　　)
HICKMAN COUNTY HIGHWAY　　　　)
COMMISSION,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs/Appellees,　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　Appeal No.
　　　　　　　　　　　　　　　　　　　　)　　01-A-01-9712-CH-00705
VS.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　Hickman Chancery
　　　　　　　　　　　　　　　　　　　　)　　No. 9612187
ARCHIE GLEN EDWARDS and　　　　)
wife, MARTHA SUE EDWARDS,　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants/Appellants.　　　　)

APPEALED FROM THE CHANCERY COURT OF HICKMAN COUNTY
AT CENTERVILLE, TENNESSEE

THE HONORABLE DONALD P. HARRIS, JUDGE

DANA DYE
P. O. Box 11
105 West End Avenue
Centerville, Tennessee 37033
　　　　Attorney for Plaintiffs/Appellees

JERRY SCOTT
JOHN KEA
110 City Center Building
100 East Vine Street
Murfreesboro, Tennessee 37133-1216
　　　　Attorneys for Defendants/Appellants

AFFIRMED IN PART; REVERSED IN PART;
AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
KOCH, J.
CAIN, J.

# O P I N I O N

The Hickman County Road Superintendent filed a declaratory judgment action to ascertain if an old cemetery road across the defendants' property was a public road. The Chancery Court of Hickman County ruled that the road was not a public road but that the defendants' property was subject to an easement created in a deed in their chain of title. Since the court granted relief that no one had sought, to individuals not parties to the action, we reverse.

## I.

The complaint in this case, filed by the Highway Superintendent and the members of the Highway Commission, named Archie Glen Edwards and his wife, Martha Sue Edwards, as defendants, and sought a declaration that a road across the Edwards' property to the Bates Cemetery was a county road. After a hearing, the chancellor held (1) that the road was not a public road, but (2) that the Edwards' property is the servient estate of an express easement contained in a 1946 deed to the Edwards' predecessors in title. The deeds are in the record, but there was no other evidence preserved at the hearing. The Edwards filed this appeal attacking the holding that there was an easement across their property. The County Highway Commission filed an appellee's brief but did not raise any issues with respect to the chancellor's holding that the road was not a public road.

## II.

Mr. and Mrs. Edwards assert that the portion of the lower court's judgment finding that their property is subject to an easement is void, because it was not alleged in the pleadings. In an earlier dispensation we would have agreed and

summarily reversed the lower court's judgment. Our cases made it clear that the court's jurisdiction over a question "which it assumes to decide" was only invoked by that question being raised in the pleadings. *Isham v. Sienknecht*, 59 S.W. 779 at 782 (Tenn. Ct. Chan. App. 1900). A judgment had to be justified by the facts alleged. *State v. Collier*, 53 S.W.2d 982 (Tenn. 1932). Otherwise the judgment was considered <u>coram non judice</u>. *Loftis v. Dearing*, 201 S.W.2d 655 (Tenn. 1947). *See also Fidelity-Phenix Fire Ins. Co. of N.Y. v. Jackson*, 181 S.W.2d 625 (Tenn. 1944).

The question, now, however, is governed by Rule 54.03, Tenn. R. Civ. Proc., which reflects a more liberal approach to pleading. Rule 54.03 provides that "[e]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Under that provision we would hesitate to hold a judgment void where all the necessary parties were before the court and the issue was fairly tried, even though the issue was not raised in the pleadings. Rule 15.02, Tenn. R. Civ. Proc. also allows the parties to try issues by express or implied consent. Thus, a judgment deciding an issue not raised in the pleadings is no longer per se invalid.

The last part of Rule 54.03, however, imposes a due process requirement on the trial court. It provides: "[T]he court shall not give the successful party relief, though such party may be entitled to it, where the propriety of such relief was not litigated and the opposing party had no opportunity to assert defenses to such relief." In this case the "successful party," any person claiming the right to use the easement, was not even before the court (the only plaintiffs being the Road Superintendent and the Highway Commission.) The record does not reflect that the easement issue was litigated or that the Edwards had an opportunity to defend that issue. It is true that the burden is usually on the appellant to preserve the record for review, *State v. Banes*, 874 S.W.2d 73 (Tenn. Crim. App. 1993), but the appellant may proceed with less than a full record, and the burden then shifts to the appellee

- 3 -

to designate the parts of the record it deems essential. Rule 24(a), Tenn. R. App. Proc. Since there was no party before the court having an interest in the easement, it is understandable that the remaining part of the record was not designated. Thus, on the state of the record before us, we hold that the trial court's declaration of an easement across the Edwards' land must be reversed.

The judgment declaring an easement across the appellants' land and enjoining the appellants from closing the gates across the old road is reversed. In all other respects the lower court's judgment is affirmed and the cause is remanded to the Chancery Court of Hickman County for any other proceedings that may become necessary. Tax the costs on appeal to the appellees.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.

CONCUR:

_____
WILLIAM C. KOCH, JR., JUDGE

_____
WILLIAM B. CAIN, JUDGE

- 4 -