# Carhill Petroleum Company, Inc., *v.* Ennis-Bayard Petroleum Company, Appellant.

*Contracts — Sales — Cancellation —Payment—Involuntary payment—Duress—Protest.*

When a person is compelled by duress of his person or goods, or the evidence of title thereto, to pay money for which he is not liable, and from which he has no means of immediate and adequate relief, it is not voluntary but compulsory, and he may rescue himself from such duress by payment of the money under protest and afterwards, on proof of the fact, recover it back.

In an action of assumpsit for the amount of a draft paid under protest, it appeared that the plaintiff had sold the defendant certain shipments of wax, which were rejected. On being requested to return the bill of lading the defendant did so, but attached thereto a sight draft for what it claimed to be the damages sustained as the result of the plaintiff's failure to furnish the kind of wax purchased. In order to regain possession of the shipment and prevent further loss, the plaintiff paid the draft, took the wax and resold it. Subsequently an action was brought to recover the loss resulting wrongful refusal to accept and pay for the wax by the defendant.

*Held:* that the payment of the draft was an involuntary payment and a verdict for the plaintiff will be sustained.

Argued April 24, 1923. Appeal, No. 47, April T., 1923, by defendant from judgment of C. P. Allegheny Co., April T., 1920, No. 190, on verdict for plaintiff, in the case of Carhill Petroleum Company, Inc., v. Ennis-Bayard Petroleum Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for the amount of a draft paid under duress. Before CARPENTER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,350.93 and judgment thereon. Defendant appealed.

486, (1923).] Assignment of Errors—Opinion of the Court.

*Errors assigned* were answers to points, and refusal of defendant's motion for judgment non obstante veredicto.

*William A. Wilson,* of *Calvert, Thompson & Wilson,* for appellant.—The payment of the draft was a voluntary payment and cannot be recovered  Harvey v. Girard National Bank, 119 Pa. 212;  De La Cuesta v. Insurance Company, 136 Pa. 62;  Thomas v. R. R., 1 W. N. C. 62; Gould v. McFall, 118 Pa. 455.

*J. Merrill Wright,* of *Wright & Rundle,* for appellee.— Money paid under protest by the owner to one who detains his property unlawfully to extract such payment, is a payment under compulsion or an involuntary payment, and can be recovered by the owner:  Cyc., vol. 30, pp. 1303-08;  21 Ruling Case Law, 161;  U. S. v. Norton, 97 U. S. 164;  Lonergan v. Buford, 148 U. S. 581;  Robertson v. Frank Bros. Co., 132 U. S. 17;  Lowenstein v. Bache, 41 Pa. Superior Ct. 552.

OPINION BY GAWTHROP, J., July 12, 1923:

The plaintiff, a Pennsylvania corporation having its principal office in Pittsburgh, sold to the defendant twenty tons of paraffine wax, f. o. b. New York.  When the wax arrived in New York, the defendant rejected it and notified the plaintiff that the car was being held subject to the plaintiff's orders.  The plaintiff then requested the defendant to send to it at Pittsburgh the bill of lading in which the defendant was consignee.  In response thereto, the defendant sent the bill of lading to the Bank of Pittsburgh N. A., with instructions to surrender the same to the plaintiff on payment of the sum of $1,151.57, as per sight draft attached, representing the damages which the defendant claimed it had sustained as the result of the plaintiff's failure to furnish the kind of wax purchased.  In order to get possession of the wax and prevent further loss, the plaintiff paid the draft, secured the bill of lading, took possession of the wax and resold

it. At the time of paying the draft, the plaintiff delivered to the bank a written notice to the effect that payment was made under protest, compulsion and duress. This action was brought to recover the loss resulting from the alleged wrongful refusal to accept and pay for the wax by the defendant. The verdict for the plaintiff establishes the fact that the refusal to accept the goods was wrongful. The single question presented is whether the payment of the draft was a voluntary payment. That money voluntarily paid with full knowledge of the facts, in the absence of fraud, cannot be recovered back is well settled. The contention of counsel for the defendant that the payment was voluntary is based upon the proposition that when delivery was made to the carrier f. o. b. New York, freight prepaid, the sale was complete and title to the wax passed to the defendant; that when the bill of lading was sent to the bank at Pittsburgh, with the draft attached thereto, and the plaintiff paid the amount of the draft, he did not do so to secure the possession of his own property. This contention cannot be sustained. It eliminates the fact that the wax was rejected. When the defendant rejected the wax and notified the plaintiff to dispose of it, whether justifiably or not, and the plaintiff asked for the bill of lading, which was tantamount to a request of a return of the property represented by it, and when the defendant forwarded the bill of lading to the plaintiff at Pittsburgh, both parties treated the property as belonging to the plaintiff. The latter could not obtain immediate possession of the same, which was a somewhat perishable commodity, without the bill of lading. It could not secure the bill of lading without paying the amount of the draft. In order to obtain possession of its own property, it paid the draft and gave notice to the bank that it was done under protest and duress and that the demand was unlawful.

Was the payment made under these circumstances a voluntary payment in contemplation of law? The plaintiff's property was in the hands of the railroad company

and the bill of lading, the evidence of title thereto, was being held by the defendant as security for a demand which the jury found to have been unjustifiable. In order to obtain possession of its own property, the plaintiff paid, under protest, the amount unlawfully demanded. That a payment of money may be involuntary because it is the result of duress of goods has long been well settled./ As this subject was fully considered by Judge W. D. PORTER in Lowenstein v. Bache, 41 Pa. Superior Ct. 552, we need only state the general rule which is: "when a person is compelled by duress of his person or goods, or the evidence of title thereto, to pay money for which he is not liable, from which he has no means of immediate and adequate relief, it is not voluntary but compulsory, and he may rescue himself from such duress by payment of the money and afterwards, on proof of the fact, recover it back": Astley v. Reynolds, 2 Str. 916; 12 Pick 13. The plaintiff had no means of adequate, immediate relief except to pay the defendant $1,151.57, to which it was not entitled. We are constrained to hold that this was an involuntary payment and that the plaintiff is entitled to recover. The cases relied upon by the defendant are clearly distinguishable from the case at bar. In Harvey v. Girard National Bank, 119 Pa. 212, there was no element of compulsion inducing the payment. The defendant did not have any of the plaintiff's property in its possession. In De La Ceusta v. Insurance Company, 136 Pa. 62, there was no property of the plaintiff in the hands of the insurance company at the time he made the payment. There was nothing but the denial of the right of the plaintiff to shares of stock and a refusal to issue certificates for the same. The only pressure or duress was that caused by the uncertainty of the law, which Chief Justice PAXSON remarked "has never been supposed to amount to duress of either person or goods." The other cases cited by appellant are less in point. It has been argued that the plaintiff had a remedy in an action for the recovery of the price of the goods

under section 63 of the Sales Act of 1915, which provides: "where under a contract to sell or a sale, the property in the goods has passed to the buyer, and the buyer wrongfully neglects or refuses to pay for the goods according to the terms of the contract or the sale, the seller may maintain an action against him for the price of the goods." Such an action would not have afforded the plaintiff the relief to which it was entitled, the immediate possession of its property; it would have been compelled to exchange its property for a right of action against the defendant: Lowenstein v. Bache, supra. The plaintiff was not required to abandon the rejected property and take the chance of losing its entire value in case a jury found that the defendant rightfully rejected the goods.

The judgment is affirmed.