Smelo, Appellant, *v.* Girard Trust Company.

474

Argued December 11, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Milford J. Meyer*, with him *Harold J. Elkman* and *Barnet Lieberman*, for appellant.

*Thomas P. Mikell*, with him *Saul, Ewing, Remick & Saul*, for appellee.

OPINION BY HIRT, J., January 18, 1946:

Plaintiff, a builder of dwelling houses, entered into a written agreement with defendant on March 14, 1941 for the purchase of a number of parcels of land in Philadelphia. On execution of the agreement plaintiff paid $1,000 to apply on the purchase price. The agreement provided: "Taxes, rent, water rent and sewer rent, if any, are to be apportioned to the date of settlement . . ."—October 1, 1941. Subsequently, on January 16, 1942, the parties agreed on modifications of the original sales contract. By writing, prepared by defendant and approved by the parties, it was agreed that plaintiff's obligation was limited to the purchase of only two of the

tracts originally contemplated, for a total of $8,200 and the time for settlement was extended to March 15, 1942. Plaintiff was required to pay an additional $2,000 to apply on the purchase price as consideration for these changes made in the original contract. The supplemental agreement provided: ". . . taxes to be assumed by the buyer in any amount which would be over the amount for which the sellers would have been responsible up to the date of the original settlement time set forth in said agreement, (October 1, 1941)."

There were unpaid taxes against the land for all years beginning with 1931 on which penalties and interest had accrued. It was defendant's contention that if settlement had been made on October 1, 1941, all penalties and interest on delinquent taxes would have been abated on payment of the taxes by operation of the Act of May 1, 1941, P. L. 34, 72 PS 5574. And under the provision of the supplemental agreement, obligating plaintiff to pay all taxes "over the amount for which the sellers would have been responsible" on October 1, 1941, defendant, on settlement, demanded that plaintiff pay $1,594.62, the amount of the penalties and interest on delinquent taxes, and threatened cancellation of the agreement and forfeiture of $3,000 in hand payments, as an alternative. Under protest in writing plaintiff paid the above amount to defendant together with the balance of purchase price due at the time of settlement, and conveyance was made to him. His letter of protest stated that the payment of the penalties and interest on past due taxes was not to be construed as acquiescence in defendant's interpretation of the supplemental agreement nor as a waiver of his right to enforce repayment. This action was brought by plaintiff to recover the amount so paid, on the ground that it was wrongfully exacted of him by duress. Defendant filed an affidavit of defense in lieu of demurrer raising the question of plaintiff's contract liability as one of law. The lower court resolved the question against plaintiff and entered

judgment for defendant. The judgment will be reversed.

Plaintiff, in paying the amount here in controversy, was not a mere volunteer. He averred in his statement of claim that, relying on his agreements of purchase, he had expended money in considerable amounts and had incurred obligations in anticipation of construction of houses on the lands. These allegations must be taken as admitted. On the facts before us plaintiff had an interest in the land under the agreements and by his payments of $3,000 on the purchase price. He was forced to pay the additional amount demanded to protect that interest and to secure a deed for the premises, without recourse to legal proceedings. Time was important to him for his commitments contemplated the beginning of building construction in the Spring of 1942. Clearly the payment was made under duress; defendant, by refusing to convey was in position to make its threats good to the prejudice of plaintiff. In general, one, who even without duress is obliged to pay taxes to protect his interest in land, may recover in assumpsit from another who should have paid them. *Leh. V. C. Co. v. Coxe Bros. & Co.*, 327 Pa. 23, 192 A. 658; *DeHaven v. Roscon B. & L. Assn.*, 107 Pa. Superior Ct. 459, 164 A. 69; *Hogg v. Longstreth*, 97 Pa. 255. With more reason if the involuntary payment in question was exacted by duress, plaintiff may recover back the amount so paid by him. *Lehigh Coal and Navigation Co. v. Brown*, 100 Pa. 338; *Lowenstein v. Bache*, 41 Pa. Superior Ct. 552; *Carhill Pet. Co. v. Ennis-Bayard P. Co.*, 81 Pa. Superior Ct. 486.

Under any reasonable interpretation of the contract as modified, in the light of its purpose *(Rothstein v. Jefferson Ice Mfg. Co.*, 137 Pa. Superior Ct. 298, 9 A. 2d 149) there was no liability on plaintiff for any part of the taxes which accrued prior to 1941. The agreements are silent as to the existence of delinquent taxes and the record does not disclose that plaintiff had prior notice of them. The apportionment provision of the original contract related only to taxes for the current year and not

to unpaid taxes of prior years nor penalties and interest which had become part of these delinquent taxes. *Fidelity Trust Co. v. Kirk,* 344 Pa. 455, 25 A. 2d 825. The taxes for all years including 1941 were the sole legal obligation of defendant; in the language of the supplemental agreement, the total of these taxes and penalties and interest was "the amount for which the sellers would have been responsible up to the date of the original settlement time set forth in said agreement. (October 1, 1941)." And under the modified agreement plaintiff was obliged to reimburse defendant but only for such additional penalties and interest as had accrued after October 1, 1941 on delinquent taxes, together with 3/12 of the 1941 taxes and the whole of the taxes for 1942, if paid by defendant. This is the clear intent of the parties as evidenced by their agreements.

Plaintiff's right of recovery is not affected by the Act of 1941 which would have abated interest and penalties on taxes for years prior to 1940 if paid before November 1, 1941. This legislation came after the date of the original contract and there is nothing in either agreement which indicates that the parties had it in contemplation. Whether defendant took advantage of its terms was no concern of plaintiff, except as to penalties and interest accruing after October 1, 1941 which became plaintiff's obligation by the letter of the second agreement. Performance of the original contract by plaintiff in itself would not have abated prior penalties and interest nor would payment of 9/12 of the 1941 taxes by defendant, under that contract. The provisions of the Act of 1941 are not self executing. Only actual payment *to the taxing authorities* in accordance with the statute could have that result. *Braun, Sheriff v. De Rosa,* 128 Pa. Superior Ct. 318, 194 A. 514. That was the obligation of defendant and not of plaintiff. Abatement of penalties and interest under the act was optional with defendant but it cannot shift its entire responsibility for them to the plaintiff, as an afterthought, merely

because of its failure to take advantage of the act by timely action.

Judgment reversed with a procedendo.