## Brink et ux. v. Wynnewood Company

*C. William Kraft, Jr.*, and *J. B. H. Donaldson*, for plaintiffs.

*Lindenmuth & Class*, for defendant.

TOAL, J., April 29, 1953.—Plaintiffs filed an action in assumpsit in the sum of $150. The action resulted from a contract between plaintiffs and defendant by the terms of which defendant had agreed to build a house for plaintiffs. The original contract price was $14,950, later increased under the terms of an escalator clause in the contract to $15,450. Before settlement was made and a deed executed and delivered defendant sent a letter dated December 26, 1950, to plaintiffs notifying plaintiffs that Lower Merion Township had imposed a transfer tax of one per cent and that the cost of the property to plaintiffs would be increased in the amount of $150 as defendant could not absorb the tax. Thereupon, on January 23, 1951, plaintiffs made payment to defendant by check, in the sum of $150 in full payment of the transfer tax. Settlement for the property was made on February 16, 1951, and a deed was executed and delivered by defendant to plaintiffs. At the settlement the transfer tax was placed on the settlement sheet figures and it appears in the case that defendant paid through Land Title Bank & Trust Company to Lower Merion Town-

ship the sum of $154.50 to cover the one per cent transfer tax on the full purchase price of the property. After the settlement, plaintiffs made demand upon defendant for the return of the sum of $150 which represented the amount of money they paid to defendant for the transfer tax and which they claimed they had paid over. "In order to protect their interest in the subject premises and in order to insure settlement for the said premises." The present action in assumpsit resulted when defendant refused to pay back to plaintiffs the sum of $150. Defendant filed a counterclaim for $154.50, the actual amount paid by it for the transfer tax. The case came on for trial before a court and jury and at the close of the testimony the trial judge, on motion of counsel for plaintiffs, gave binding instructions to the jury and directed that the jury find a verdict in favor of plaintiffs and against defendant in the sum of $150. The trial judge further instructed the jury in matter of defendant's counterclaim to find in favor of plaintiffs (the Brinks). Accordingly the jury found a verdict of $150 in favor of plaintiffs and found in favor of plaintiffs (the Brinks) in the matter of defendant's counterclaim. A motion was made on behalf of defendant for judgment n. o. v. and for a new trial and the matter has been argued before the court en banc with submission of written briefs by both sides.

We are of the opinion that it is not necessary to grant a new trial in this case because the question involved resolves itself into a question of law and may be stated as follows:

Are plaintiffs entitled to the return of the $150 which they paid over to defendant under the circumstances set forth above?

We are of the opinion that they are not and that judgment n. o. v. must be granted in favor of defendant and against plaintiffs.

The facts of the case show that there was a contractual relationship between plaintiffs and defendant and that before the terms of the contract had been consummated defendant made a demand upon plaintiffs for payment of $150 representing the transfer tax. Plaintiffs shortly after receiving this demand in writing paid the amount demanded and did not question defendant's right to same until after a settlement and a completion of the contract terms. If plaintiffs had any mental reservation as to the propriety of the demand made upon them for the additional payment they should have refused to pay the amount demanded and litigated the matter in the proper forum.

"Money deliberately and voluntarily paid under a contract, with knowledge or means of knowledge of the material facts and without fraud or duress, even though paid under a mistake of law as to the interpretation of a contract cannot be recovered back": Sellers & Co., Inc., v. Clarke-Harrison, Inc., et al., 354 Pa. 109-113.

"One who pays under coercion or duress the obligation of another is entitled to restitution from the real debtor. . . . In order to constitute duress there must be an actual or threatened seizure of a person or his property for the purpose of compelling him to pay money for which he is not liable": Tugboat Indian Company v. A/S Ivarans Rederi et al., 334 Pa. 15, 18, 19. See Pziepoira v. Long et al., 338 Pa. 242.

The record shows that plaintiffs paid the money in question "In order to protect their interest in the subject premises and in order to insure settlement for the said premises." We are of the opinion that this does not constitute coercion or duress and if plaintiffs sought to question the payment they should have refused to pay the money and then should have sought redress in court.

Plaintiffs have advanced the theory that the payment over of the $150 was in the nature of paying taxes to prevent a lien for same being filed against the property and that it can be recovered back in the same way a mortgagee can recover tax payment made to protect his mortgagee interest. We do not agree that the facts of the case at bar support such a theory. Plaintiffs paid the money direct to defendant upon demand and not to a tax authority and further such payment was demanded under a contract between the parties. The case of Smelo v. Girard Trust Company, 158 Pa. Superior Ct. 473, cited by plaintiffs in their brief has no application to the present case. In that case a vendee under an agreement to purchase land was at the time of settlement obliged by duress by the vendor to pay taxes which should have been paid by the vendor. The court ruled that the taxes so paid could be recovered by the vendee in a suit in assumpsit. Had plaintiffs in the case at bar refused to pay the transfer tax at settlement and in order to have the settlement take place were forced to pay same in the settlement we would approximate the facts in the Smelo case, supra. However, the payment was made entirely voluntary and cannot now be recovered. Accordingly, the following is made:

### Order

And now, April 29, 1953, a motion for a new trial and for judgment n. o. v. having been made on behalf of defendant and said matters having been argued before the court en banc and written briefs having been filed by both sides and after due consideration it is ordered, adjudged and decreed as follows:

1. The motion made by defendants for a new trial be and the same is hereby dismissed, and

2. The motion for judgment n. o. v. made by defendants be and the same is hereby sustained and it

is herewith ordered that judgment non obstante veredicto be entered in favor of defendant, Wynnewood Co., a Pennsylvania Corporation, and against plaintiffs, Fred C. Brink and Doris L. Brink, his wife, and;

3. Plaintiffs are directed to pay the costs.